FOSTER DEVELOPMENT ASSOCIATES *v.*
FRANK TALAR ET AL.
(9847)

DALY, FOTI and HEIMAN, Js.

Argued October 28—decision released December 24, 1991

*Jane W. Freeman,* for the appellants (named defendant et al.).

*C. George Kanabis,* with whom were *Renee Houle* and, on the brief, *Melvin Scott,* for the appellee (plaintiff).

HEIMAN, J. The defendants Frank and Mary Talar[1] appeal from the trial court's judgment permanently

---

[1] The plaintiff's complaint included three counts. The first count was directed against Frank and Mary Talar. The second count was directed against George Caulkins and William Mulholland, employees of the town of East Lyme. The third count was directed against Michael Polla, superintendent of utilities for the town of East Lyme. On February 13, 1990, the plaintiff withdrew the complaint as to Caulkins, Mulholland and Polla. For the purposes of this appeal, the word defendants refers to only Frank and Mary Talar.

enjoining them from interfering with the plaintiff's use of an easement over their property. The defendants also appeal from the trial court's judgment against them on their counterclaim, which sought an injunction directing the plaintiff to remove storm pipes, drains and utilities from the property and prohibiting the plaintiff from abusing its deeded easement rights in the property. The defendants claim that the trial court improperly (1) rendered its judgment more than 120 days after the trial's completion, (2) denied their motion to open or to set aside the judgment or for a new trial, (3) modified its original judgment after vacating it, (4) granted injunctive relief even though the plaintiff failed to request it specifically, (5) concluded that the plaintiff's deeded easement rights included the right to install underground pipes and utilities and (6) rendered judgment for the plaintiff on the defendants' counterclaim. We reverse the trial court's judgment.

The pertinent facts are as follows. The plaintiff owns a parcel of land located in East Lyme. The defendants own a strip of land, approximately fifty feet wide, that abuts the southern edge of the plaintiff's lot. The plaintiff and the defendants acquired their respective properties through a chain of title originating from a common grantor. Both the plaintiff's and the defendants' deeds describe an easement in favor of the plaintiff over the defendants' property.

The plaintiff originally brought this action seeking a declaratory judgment regarding the scope of the easement. Specifically, the plaintiff sought a determination as to whether the easement permitted it to install underground utility pipes and to make other improvements to the property. In its prayer for relief, the plaintiff also requested damages, attorney's fees, costs and "[s]uch other relief as the Court deems just and proper." The defendants filed an answer together with a counterclaim seeking damages, temporary and per-

manent injunctions prohibiting the plaintiff from install-
ing underground utilities, abusing its easement rights
and unduly burdening the servient estate and an order
commanding the plaintiff to "remove all storm drains,
piping and related materials" from the property. The
case was tried to the court, which received copies of
the pertinent deeds as well as photographs and maps
showing the plaintiff's development and use of the prop-
erty. The court also heard evidence establishing the
plaintiff's development of a roadway and its installa-
tion of drainage facilities and various underground util-
ity lines on the property.

The trial court rendered a declaratory judgment on
June 26, 1990, finding that the easement permitted all
of the plaintiff's activities, including installing a road-
way, drainage facilities, electric and telephone lines and
water and sewer pipes. The trial court also ruled in
favor of the plaintiff on the defendants' counterclaim.
On July 6, 1990, the trial court vacated its judgment
on both the complaint and the counterclaim, sua sponte,
because the plaintiff had failed to join all parties hav-
ing a potential interest in the easement, and ordered
the plaintiff to cite in additional parties. The plaintiff
filed an amended complaint on July 12, 1990, joining
East Lyme Limited Partnership, the town of East
Lyme and the East Lyme water and sewer commis-
sion as defendants. Frank and Mary Talar filed an
amended answer and an amended counterclaim, and
the plaintiff filed an answer to the amended counter-
claim. East Lyme Limited Partnership, the town of
East Lyme and the East Lyme water and sewer com-
mission filed answers to the amended complaint. After
the pleadings were closed, the plaintiff claimed the case
for the trial list. On November 5, 1990, while the par-
ties were awaiting trial, the court, on its own motion,
purported to modify its original judgment and issued
a permanent injunction prohibiting the defendants from

interfering with the plaintiff's reasonable use and enjoyment of the easement. The defendants filed a motion to open or to set aside the judgment or for a new trial which the trial court denied on December 20, 1990. The defendants then appealed to this court.

The defendants claim that the trial court improperly modified its original judgment to include a permanent injunction after it vacated the original judgment. We agree.

An order modifying a judgment presupposes the existence of an underlying judgment. The judgment that the trial court attempted to modify on November 5, 1990, by issuing a permanent injunction, was vacated, however, by that court sua sponte on July 9, 1990, and was never reinstated. "[V]acating a prior order renders the situation the same as though the order had never been made." State v. Phillips, 166 Conn. 642, 646, 353 A.2d 706 (1974). By vacating its declaratory judgment, the trial court nullified that judgment. Because there was no underlying judgment in effect on November 5, 1990, that was subject to modification, the trial court's order attempting to modify the original judgment was fatally flawed.

In light of our disposition of this case, it is unnecessary to consider the defendants' remaining claims.[2]

The judgment is reversed and the case is remanded for further proceedings in accordance with law.

In this opinion the other judges concurred.

---

[2] While we do not decide whether the plaintiff's general prayer for "such other relief as the court deems just and proper" is adequate to support the entry of injunctive relief, we note that a party seeking equitable relief must demand it specifically, unless the nature of the demand itself indicates that the relief sought is equitable relief. Practice Book § 139; Dorsey v. Mancuso, 23 Conn. App. 629, 634, 583 A.2d 646 (1990), cert. denied, 217 Conn. 809, 585 A.2d 1234 (1991).