[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO REINSTATE JUDGMENT
This case comes to this Court on a plaintiff's pleading dated December 30, 1991, captioned "Motion to Reinstate" following a reversal of a previous Superior Court judgment by the Appellate Court (Foster Development Associates v. Talar, 26 Conn. App. 300 (1991).
The plaintiff filed a Memorandum of Law in Support of the Motion on May 27, 1992. The defendants Frank Talar and Mary Talar filed their Memorandum of Law in Opposition on June 9, 1992.
The procedural background of this case is set forth fully in the Appellate Court decision and need not be repeated here. The plaintiff's motion reads as follows
 The Plaintiff, FOSTER DEVELOPMENT ASSOCIATES, hereby moves that the Court reinstate its Judgment in the above-captioned matter (See June 26, 1990 Memorandum of Decision) in that all parties who have an interest in the subject matter of the Complaint are parties to this action and have been given an opportunity to be heard or have reasonable notice thereof.
 Wherefore, the Plaintiff moves that the Judgment in favor of the Plaintiff of June 26, 1990 be reinstated.
Reduced to its simplest terms, the plaintiff suggests that since there already has been a trial and an opinion, and since all persons have been duly notified it would be appropriate to simply "Reinstate" the prior decision in the interest of judicial economy. This argument is buttressed by a claim that the vacating of the earlier decision was "limited" to the citing in of new parties and those parties have been notified and declined to participate.
The defendants Talar, on the other hand, in their arguments in opposition point out that since the original decision the complaint, answer and counterclaim on which it was based have been amended (including new claims for relief). They also claim certain statutory time constraints of Section 51-183(b) and the absence of a trial on the new pleadings make any "reinstatement" inappropriate.
The Court, after careful consideration of this CT Page 6625 interesting question, is more persuaded by the defendant's arguments.
A new trial is necessary.
The plaintiff's motion is denied.
LEUBA, J.
JOSEPH L. STEINBERG, JUDGE.