CENTRAL COAT, APRON AND LINEN SERVICE, INC. *v.*
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued October 4—decided December 13, 1949.

*Robert J. Woodruff,* with whom, on the brief, was *Arthur Klein,* for the appellant (plaintiff).

*Morris Tyler,* for the appellee (defendant).

MALTBIE, C. J.   The plaintiff is seeking to recover, under a policy of insurance issued by the defendant, a sum of money it was adjudged liable to pay for damages done to a building by reason of the operation of a truck owned by it.   The policy was a so-called "fleet policy"; it covered liability for damages to property caused by the operation of automobiles owned by eight corporations, and it was issued at a reduced rate because of the large number of cars covered, all of which were under the same management and operating control.   It contained a clause excluding liability for damage by reason of "injury to or destruction of property owned by, rented to, in charge of or transported by the insured."   The principal damage in question was done to the front of a one-story garage which, in conjunction with the first floor of an adjacent three-story building, was rented, not to the plaintiff, but to another of the corporations insured under the policy, to which we shall refer as the Linen Company.   The trial court found that the garage was in the exclusive control of the Linen Company, and it held that the damage was

within the exclusion clause quoted above because the garage was "rented to" and "in charge of" that corporation. It gave judgment for the defendant, and the plaintiff has appealed.

In the trial court, the parties submitted a stipulation of agreed facts and stated that testimony was to be taken only for the purpose of clarifying a paragraph of the stipulation which described the damage to the building. The trial court made a finding which, in certain respects apart from that matter, is at variance with the stipulation. A formal stipulation of facts by the parties to an action constitutes a mutual judicial admission and under ordinary circumstances should be adopted by the court in deciding the case. *King* v. *Spencer,* 115 Conn. 201, 204, 161 A. 103; 9 Wigmore, Evidence (3d Ed.) § 2591; 1 Jones, Evidence (4th Ed.) § 274. We shall approach the question before us upon the basis of the facts stipulated and the finding of additional facts by the court within the scope of the issue presented to it for trial.

The second and third floors of the three-story building were rented by a corporation not among those insured under the policy, which we shall call the Gasket Company. The plaintiff does not contend that it could recover if the portion of the building damaged was rented to or in charge of the Linen Company. The plaintiff claims that the garage and the adjacent building constituted a single structure which was in part rented by the Gasket Company; that some of the damage was done to an entrance to the three-story building which was used by both the Linen Company and the Gasket Company; and that the damage to the garage was to its front and roof and so not to a portion of the property rented to or in charge of the Linen Company. The question whether the entrance to the three-story building was damaged was

within the scope of the hearing before the trial court; it did not find that it was; and we cannot add that fact to the finding because the evidence was conflicting. We do not read another paragraph in the stipulation of facts to which the plaintiff calls our attention as requiring us to take a contrary view. The finding of the trial court that the garage was in the exclusive control of the Linen Company not only was outside the issues submitted to it for determination but, as a statement of fact, has no support in the stipulation or evidence, and we must disregard it. The terms of the rental of a part of the building by the Linen Company might be relevant and even controlling upon that issue; *Calway* v. *William Schaal & Son, Inc.,* 113 Conn. 586, 591, 155 A. 813; *Young* v. *Talcott,* 114 Conn. 675, 678, 159 A. 881; but they are not before us, and we must assume that they contained no specific provision material to the issues presented. We must decide, upon the bare fact that the Linen Company rented the garage and the first floor of the three-story building, whether or not that rental included the portions of the building which were damaged.

Where entire premises are rented, in the absence of any agreement, the tenant, with certain possible exceptions not presented by the facts before us, has the right of exclusive possession and control, and the landlord has no right to enter upon them. *Swift & Co.* v. *Peoples Coal & Oil Co.,* 121 Conn. 579, 592, 186 A. 629; *Corrigan* v. *Antupit,* 131 Conn. 71, 75, 37 A. 2d 697; *Lyon* v. *Bethlehem Engineering Corporation,* 253 N. Y. 111, 113, 170 N. E. 512. In the absence of an agreement, express or implied, the tenant of an apartment acquires an exclusive right of occupancy and control of that apartment and, as incidental thereto, of those parts of the structure which form an integral part of

the tenement. *Aprile* v. *Colonial Trust Co.*, 118 Conn. 573, 579, 173 A. 237; *Hahn* v. *Musante, Berman & Steinberg & Co.*, 130 Conn. 441, 445, 35 A. 2d 201. Where an owner leases a part or parts of a building, he ordinarily retains control of such portions as are not within or an integral part of the rented portions. The most usual instance of such a situation is a common approach to different tenements rented to various people; *Perkel* v. *Grayson*, 119 Conn. 465, 469, 177 A. 534; all tenants have an interest in the proper maintenance of this part of the building and it would be neither practical nor reasonable to place upon any one of them the responsibility for keeping it in reasonable condition and repair; and such approaches are not ordinarily intended to be appurtenant to any one tenement. See *Miller* v. *Mutual Mortgage Co.*, 112 Conn. 303, 305, 152 A. 154. An owner may also be found to have in fact retained control of parts of a building, apartments in or a portion of which he has rented. *Brandt* v. *Rakauskas*, 112 Conn. 69, 72, 151 A. 315; *Killian* v. *Logan*, 115 Conn. 437, 440, 162 A. 30; *Hurlburt* v. *Sherman*, 116 Conn. 102, 105, 163 A. 603; *Fogarty* v. *M. J. Beuchler & Son, Inc.*, 124 Conn. 325, 331, 199 A. 550. Under the stipulation of facts and the finding as we have corrected it, the question before us cannot be determined upon the basis of actual control by the Linen Company of the portion of the building which was damaged. The answer to the issue before us must be found in a determination whether the portion of the building damaged was included in the parts of the premises rented to the Linen Company.

To that question our decisions afford no answer. The case most nearly analogous is *Aprile* v. *Colonial Trust Co.*, supra, 579, where we found error in a judgment in favor of the owner of an apartment building in an action against him by guests of one of the tenants

who were injured because of the rotting of certain portions of the exterior of the building; but our decision in that case was based on the fact that the trial court found on adequate evidence that the owner had retained control of the portion of the building in question. Cases in other jurisdictions uniformly hold the law to be that, in the absence of any provision of a lease to the contrary, the right to use and control the outer walls adjacent to a portion of a building occupied by a tenant is impliedly included in the premises he rents. *265 Tremont Street, Inc.* v. *Hamilburg,* 321 Mass. 353, 359, 73 N. E. 2d 828, and cases cited; *Forbes* v. *Gorman,* 159 Mich. 291, 294, 123 N. W. 1089; 1 Tiffany, Landlord & Tenant, p. 271; 51 C. J. S. 945; see note, 22 A. L. R. 800. In the instant case, the trial court has found that the truck of the plaintiff ran into the garage at the side of the garage door, causing extensive damage to the brick front of the garage and breaking a plate glass window adjoining the garage door. Under the rule we have stated, the front wall and doors of the garage were included in the premises "rented to" the Linen Company. It necessarily follows that the damage was within the exclusion clause of the policy, and the defendant was not liable to the plaintiff.

There is no error.

In this opinion the other judges concurred.