CENTRAL CONNECTICUT TEACHERS FEDERAL
CREDIT UNION *v.* ESTELLA GRANT
(10309)

O'CONNELL, LAVERY and LANDAU, Js.

Submitted on briefs February 14—decision released April 28, 1992

*Robert C. Lubus, Jr.,* filed a brief for the appellant
(plaintiff).

LANDAU, J. The plaintiff Central Connecticut Teach-
ers Federal Credit Union, successor to Colt Employ-
ees Federal Credit Union, appeals from a trial court's
judgment on the plaintiff's action on a promissory note,
and from an order denying its motion to correct that
judgment. The plaintiff claims that the trial court
improperly (1) altered the amount of the monthly pay-
ments provided for in a stipulation that had been sub-
mitted by the parties by reducing the order of payments
from $200 to $75 per month, and (2) subsequently

increased the monthly payment order from $75 to $150 per month pursuant to the plaintiff's motion to correct the judgment.

The following undisputed facts are necessary to our resolution of this appeal. The plaintiff is the holder of a promissory note executed by the defendant. The defendant defaulted in her payments on the note and the plaintiff commenced suit seeking to collect the remainder of the money due it. A written stipulation signed by the plaintiff's counsel and by the defendant, appearing pro se, was filed with a motion for judgment and order of payments in accordance with the stipulation. The stipulation provided, inter alia, that judgment enter against the defendant for the principal amount, plus attorney's fees and costs of collection. It further provided that the defendant would make monthly payments to the plaintiff in the amount of $200.

The motion for judgment and order of payments was granted by the trial court without a hearing. See Practice Book § 211A (1). The trial court, however, ordered payments of $75 per month rather than $200 as agreed to in the stipulation between the parties. The plaintiff filed a motion to correct the judgment, requesting that the trial court modify the order of payments to conform to the written stipulation for judgment. The trial court, without a hearing, modified the order of payments to $150 per month.

"A stipulated judgment 'is not a judicial determination of any litigated right. *New York Cent. & H. R. R. Co.* v. *T. Stuart & Son Co.,* 260 Mass. 242, 248, 157 N.E. 540 [1927]; *Dulles* v. *Dulles,* 369 Pa. 101, 107, 85 A. 2d 134 [1952]. It may be defined as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. *Owsiejko* v. *American Hardware Corporation,* 137 Conn. 185, 187, 75 A.2d 404 [1950]; *Risk* v. *Director,*

141 Neb. 488, 496, 3 N.W.2d 922 [1942]. "[It is] the result of a contract and its embodiment in a form which places it and the matters covered by it beyond further controversy." 3 Freeman, Judgments (5th Ed.) p. 2774. The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement. *Harter* v. *King County,* 11 Wash. 2d 583, 591, 119 P.2d 919 [1941].' . . .'" *Gillis* v. *Gillis,* 214 Conn. 336, 339–40, 572 A.2d 323 (1990). "Such a judgment represents 'a settlement of the controversy by the parties thereto [thus creating the presumption] that the parties intended to settle all aspects of the controversy' . . . ." *Bargain Mart, Inc.* v. *Lipkis,* 212 Conn. 120, 135, 561 A.2d 1365 (1989); see also *Guille* v. *Guille,* 196 Conn. 260, 265, 492 A.2d 175 (1985); *Gagne* v. *Norton,* 189 Conn. 29, 34, 453 A.2d 1162 (1983). "A judgment rendered in accordance with the stipulation of the parties is to be construed and regarded as a binding contract." *Albrecht* v. *Albrecht,* 19 Conn. App. 146, 152, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989), quoting *Caracansi* v. *Caracansi,* 4 Conn. App. 645, 650, 496 A.2d 225, cert. denied, 197 Conn. 805, 499 A.2d 56 (1985).

Construction of a stipulation is an issue of fact to be resolved by the trial court, as the trier of fact, and that construction is subject to our review under the clearly erroneous standard. *Mihalyak* v. *Mihalyak,* 11 Conn. App. 610, 616, 529 A.2d 213 (1987). "Appellate review under [this] standard is a two-pronged inquiry: '[W]e first determine whether there is evidence to support the finding. If not, the finding is clearly erroneous. Even if there is evidence to support it, however, a finding is clearly erroneous if "in view of the evidence and pleadings in the whole record [this court] is left with

the definite and firm conviction that a mistake has been committed." ' *Buddenhagen* v. *Luque,* 10 Conn. App. 41, 45, 521 A. 2d 221 (1987), quoting *Doyle* v. *Kulesza,* 197 Conn. 101, 105, 495 A. 2d 1074 (1985). See also *Web Press Services Corporation* v. *New London Motors, Inc.,* 205 Conn. 479, 483, 533 A. 2d 1211 (1987)." *Nelson* v. *Nelson,* 13 Conn. App. 355, 359, 536 A.2d 985 (1988).

We are mindful that a judge is not a mere umpire in a forensic encounter but a minister of justice, and it follows that an agreement is not necessarily binding on the court and may justifiably be disregarded in a particular case. *Peiter* v. *Degenring,* 136 Conn. 331, 338, 71 A.2d 87 (1949). Ordinarily, however, stipulations of the parties should be adopted by the court. *Central Coat, Apron & Linen Service, Inc.* v. *Indemnity Ins. Co.,* 136 Conn. 234, 236, 70 A.2d 126 (1949). If, for some reason, the court cannot adopt the stipulation of the parties, it should state its disapproval of the stipulation and the reasons for its disapproval on the record. The court should not proceed to judgment, including an order for payments, without offering the parties an opportunity to present evidence relevant to that judgment. See *Bartley* v. *Bartley,* 27 Conn. App. 195, 197–98, 604 A.2d 1343 (1992). Here, the parties reached an agreement regarding the defendant's payment of the outstanding debt and stipulated to a judgment satisfactory to both. We conclude that the trial court committed clear error in rendering judgment and ordering monthly payments in disregard of the stipulation without first notifying the parties of its disapproval and affording them an opportunity to litigate the issues fully.

We need not address the plaintiff's second claim, that the trial court improperly increased the order of payments from $75 to $150 per month pursuant to a motion to correct the judgment. Because our conclusion on the first claim requires our reversing the judgment of the

trial court, including the order of payments, there remains no judgment that could be corrected. See *Foster Development Associates* v. *Talar,* 26 Conn. App. 300, 304, 600 A.2d 1040 (1991).

The judgment is reversed and the case is remanded for a hearing on the plaintiff's motion for judgment.

In this opinion the other judges concurred.