[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, John Hychko, and the defendants, Thomas and Joanne DiDomizio, (hereinafter referred to as the DiDomizio's), have a common boundary line which separates their properties. In 1982 a dispute arose between these parties over the ownership of land, resulting in the case DiDomizio v. Hychko, CV 81-0060189, JD of Waterbury. That case was settled in February 1983, when the parties entered into a Stipulated Judgment. That judgment provided that John Hychko and Howard Matzkin, the defendants in that matter convey certain property by quitclaim deed to Thomas and Joanne DiDomizio, the plaintiffs in said action (defendants in this matter). The judgment also granted Mr. Hychko and Mr. Matzkin an easement over Thomas and Joanne DiDomizios' property and stated that the DiDomizios would build a road to be dedicated as a public road which Mr. Hychko and Mr. Matzkin would have the CT Page 10277 right to use to obtain ingress and egress to and from their property. The DiDomizios were to have completed this road by December 31, 1985. The stipulated judgment provides in relevant part:
 The plaintiffs grant to the defendants, a fifty (50) foot wide easement across their property from the common property boundary between the Plaintiffs and the Defendants property line, said fifty (50) foot easement to be located approximately 185 feet, more or less, southwesterly of the northeasterly corner of the property owned by the Plaintiffs which they acquired from Massimo, which fifty (50) foot access way shall give to the Defendants a manner and method of leaving their property and arriving at a road to be constructed by the Plaintiffs at some point in the future. The length of said fifty (50) foot easement shall be determined from the manner in which the road shall appear on the final subdivision map approved by the Town of Wolcott and shall be located approximately 185 feet southwesterly of the northeast corner as previously described. The approximate location of said easement is shown by a dotted red line on the map attached hereto as Exhibit A.
This easement is also recorded on the DiDomizios' land title.
In 1986 John Hychko brought an action for money damages and for specific performance against the DiDomizios for their failure to build the road. Hychko v. DiDomizio, CV 86-0075861, J.D. of Waterbury. This suit was tried before a jury who found for Mr. Hychko and awarded him $10,000.00. Mr. Hychko also sought from the trial Judge, Murray, J., an order of specific performance requiring the DiDomizios to build the road per the 1983 stipulated judgment. This request was denied. Judge Murray stated that Mr. Hychko "had an adequate remedy in the law of money damages to satisfy this claim." Memorandum of Decision, p. 4 (April, 1991).
The issue in this matter is whether the plaintiff's easement across the defendant's land was extinguished by the judgment in CT Page 10278 the 1986 case between the parties.
On June 8, 1992, the plaintiff, John Hychko, initiated the present suit alleging that the defendants, Thomas and Joanne DiDomizio, have obstructed and prevented him from using the easement granted to him under the 1983 stipulated judgment. The plaintiff asks the court for a permanent injunction prohibiting the defendants from obstructing or preventing him from using this easement; for the court to determine the rights of the parties in the land; and any other equitable relief the court sees fit. The defendants filed an answer and special defense on August 3, 1992. The plaintiff denied all of the defendants' special defenses. The plaintiff moved for summary judgment on September 3, 1992, arguing that the matter concerning the easement is res judicata. The defendants also moved for summary judgment on September 3rd, arguing that the suit is barred by the doctrines of res judicata and collateral estoppel.
"The motion for summary judgment is `designed to eliminate the delay and expense incident to a trial. . .'" Dowling v. Kielak,160 Conn. 14, 16 273 A.2d 716 (1970), quoting Dorazio v. M.B. Foster Electric Co., 157 Conn. 226, 228, 253 A.2d 22 (1968). The motion is made prior to the start of trial and states that the moving party is entitled to judgment as a matter of law because there is no genuine issue as to any material fact of the case. Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). A material fact is a "fact which will make a difference in the result of the case." Na-Mor, Inc. v. Roballey, 24 Conn. App. 215,217, 587 A.2d 427 (1991), quoting United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 379, 260 A.2d 596 (1969). "[A]ny party may move for a summary judgment, provided that the pleadings are closed as between the parties to that motion." Connecticut Practice Book 379. The pleadings between the parties were closed on August 3, 1992.
The plaintiff argues that the 1986 lawsuit, in which he sought money damages and specific performance of the building of the road, did nothing to extinguish his easement across defendant's property as granted in the 1983 stipulated judgment. The plaintiff further argues that the doctrine of res judicata falls in his favor to enforce the use of his easement.
The defendants argue that they are entitled to summary judgment because the action is barred by the doctrine of collateral estoppel and res judicata since this case and the 1986 CT Page 10279 lawsuit arise out of the same facts, the 1983 stipulation for judgment, and all matters now raised were or could have been raised in the prior lawsuit. The defendants also argue that the relief sought in this case relates to the access to the plaintiffs land, and that is like the relief sought in the prior suit. If the defendants' motion is denied, they argue that the plaintiff's motion should also be denied because here is a genuine issue of fact, which is as the defendant, Thomas DiDomizio, has stated in his affidavit that (1) he never granted any such easement, or (2) that it was extinguished by the 1991 decision, or (3) that it was extinguished by an agreement to place a roadway in a different location, or (4) that it was extinguished by agreement between himself, the plaintiff, and a Mr. Dennis Sullens. The defendants also argue that there is a dispute as to the extent of the easement which is also a question of fact for the trier.
The essence of a stipulated judgment is that the parties to the litigation have voluntarily entered into an agreement settling their dispute and the court has entered judgment as to the terms of the agreement. Central Connecticut Teachers Federal Credit Union v. Grant. 27 Conn. App. 435, 437, 606 A.2d 729 (1991). Such a judgment represents a settlement of the controversy by the parties thereto thus creating the presumption that the parties intended to settle all aspects of the controversy. Id.
 The doctrine of res judicata provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made.
Dunham v. Dunham, 221 Conn. 384, 391-92, 604 A.2d 347 (1992), quoting Statewide Grievance Committee v. Persnick, 216 Conn. 135,138-39, 577 A.2d 1058 (1990). However, the Restatement (Second), of Judgments (1982) states in 18 that once a final judgment has been rendered in favor of a party "`the party cannot thereafter maintain an action on the original claim or any part thereof, although he may be able to maintain an action upon the judgment. . . ."' (Emphasis added). Dunham, supra, 392 n. 10.
The plaintiff in the 1986 lawsuit was seeking money damages and specific performance for the defendant's failure to build the road per the 1983 stipulated judgment. Money damages were awarded and specific performance was denied. Nowhere in the judgment was the plaintiff's easement discussed or terminated. At that point CT Page 10280 in time it does not appear that the plaintiff's right to use that easement was being obstructed or prevented. In the present suit the plaintiff has alleged that the defendants are obstructing and preventing his use of the easement. The court finds that plaintiff's suit is not barred by the doctrine of res judicata because the plaintiff is seeking enforcement of a judgment, not to relitigate issues that could have been brought earlier. If the defendant's argument was accepted it would mean that a judgment would not be able to be enforced by a subsequent action.
The court also finds the defendants' alternative arguments are without merit. An easement is clearly granted per paragraph 5 of the 1983 stipulated judgment. The easement is also recorded on the defendants' land title. (See Wolcott Land Records Volume 138, page 336 and amended and re-recorded in Volume 200, pages 868-874 of the Wolcott Land Records.)
There is nothing in the Memorandum of Decision (Hychko v. DiDomizio, CV 86-0075861, April, 1991, Murray, J.) which extinguished the easement granted under the 1983 stipulated judgment. As to the defendant's affidavit, there is no evidence of a contract to modify the easement or extinguish it by agreement with a third party.
This court finds that the plaintiff has an easement over the defendants' property as set forth in the 1983 stipulated judgment and the defendants' land title. For all of the above reasons the plaintiff's motion for summary judgment is granted.
Judgment may enter accordingly.
WILLIAM JOSEPH SULLIVAN, J.