BANK OF BOSTON CONNECTICUT *v.*
HARROLD DeGROFF ET AL.
(11427)

DALY, LAVERY and FREEDMAN, Js.

Argued February 9—decision released May 11, 1993

*Eric C. Hard,* for the appellant (plaintiff).

LAVERY, J. The plaintiff appeals following the trial court's denial of its motion to modify a judgment rendered pursuant to a stipulation agreement. The plaintiff claims that the trial court improperly reduced the amount of attorney's fees set forth in the stipulation in granting the motion for judgment. We agree with the plaintiff, and reverse the trial court's order denying the plaintiff's motion to modify the judgment.

On December 10, 1991, the plaintiff initiated a collection action against the defendants, William DeGroff and Harrold DeGroff. The plaintiff alleged a debt in the amount of $11,828.78, costs of collection and reasonable attorney's fees, pursuant to a promissory note executed by the defendant William DeGroff, and a personal guarantee executed by the defendant Harrold DeGroff. On February 3, 1992, the parties entered into a stipulation for judgment that provided, inter alia, that judgment would enter in favor of the plaintiff in the principal amount of $11,089.48 with interest through February 17, 1992, in the amount of $588.23, attorney's fees of $950, plus costs of $250. The parties further stipulated to payments of $450 per month starting February 15, 1992, with subsequent payments on the fifteenth of each month thereafter. The interest on the outstanding principal balance would accrue at the rate of 11 percent per annum. The stipulated agreement further provided that if the defendants failed to make an agreed payment, the plaintiff would be entitled to all costs and reasonable attorney's fees incurred in enforcing the judgment. The stipulation was signed by all the parties involved.

The plaintiff, on February 27, 1992, filed a motion for judgment in accordance with the stipulation. On March 17, 1992, the trial court granted the motion for judgment in accordance with the stipulation, after first reducing the agreed upon attorney's fee to $750 and reducing the rate of postjudgment interest to 10 percent per annum. The plaintiff then filed a motion to modify the judgment, requesting that the judgment be corrected to reflect an attorney's fee of $950 pursuant to the stipulation for judgment between the parties.[1] The trial court denied the motion to modify, stating that it found $750 to be a reasonable attorney's fee in lieu of the stipulated $950. The plaintiff then filed this appeal.

A stipulated judgment has been defined by our Supreme Court as a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction. *Gillis* v. *Gillis*, 214 Conn. 336, 339, 572 A.2d 323 (1990); *Bryan* v. *Reynolds,* 143 Conn. 456, 460, 123 A.2d 192 (1956). The essence of the judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement. *Gillis* v. *Gillis,* supra, 339–40.

Certain well established consequences follow from the parties' entry into a consent decree that is entered on the court records. *Lee* v. *Tufveson,* 6 Conn. App. 301, 303, 505 A.2d 18, cert. denied, 199 Conn. 806, 508 A.2d

---

[1] Neither the plaintiff's motion to modify nor its appellate brief addressed the trial court's adjustment of the interest rate on the principal. Regardless, the reduction of the interest rate from 11 percent to 10 percent per annum will not and could not be altered by this court because the maximum rate of 10 percent is established by statute. General Statutes § 37-3a provides in pertinent part that "interest at the rate of ten percent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. . . ."

31 (1986). It necessarily follows that if the judgment conforms to the stipulation it cannot be altered without the consent of all parties, unless it is shown that the stipulation was obtained by fraud, accident, or mistake. *Bryan* v. *Reynolds,* supra, 460–61. The court has the power to issue orders necessary to protect the integrity of the stipulated judgment; *Foley* v. *Southport Manor Convalescent Center, Inc.,* 11 Conn. App. 530, 537, 528 A.2d 841, cert. denied, 205 Conn. 805, 531 A.2d 935 (1987); but it may not enlarge or lessen the scope of the judgment. *Lee* v. *Tufveson,* supra, 303; *Bryan* v. *Reynolds,* supra, 461. If there is a lack of conformity between stipulation and judgment, an appeal may properly be taken from the refusal of the court to grant a motion to correct the judgment. *Bryan* v. *Reynolds,* supra.

Our examination of the record reveals that the trial court lessened the terms of the stipulated agreement by unilaterally reducing the attorney's fee from $950 to $750. The trial court's order, therefore, improperly altered the contract in favor of the defendant and to the detriment of the plaintiff. *Foley* v. *Southport Manor Convalescent Center, Inc.,* supra, 538.

The trial court's denial of the motion to modify the judgment is reversed, and the case is remanded with direction to modify the judgment to include an award of $950 for attorney's fees as the stipulation dictates.

In this opinion DALY, J., concurred.

FREEDMAN, J., concurring in part and dissenting in part. I cannot join in the majority opinion inasmuch as it suggests that a trial court must accept and render judgment in accordance with any stipulation presented to the court that reflects the parties' agreement to settle a case. To the contrary, our courts have the inherent authority to reject a stipulation that the parties seek

to have the court render as a judgment of the court. Nonetheless, under the facts of this case, I would reverse the judgment of the trial court because I believe that the trial court improperly rejected a portion of the agreement without the consent of the parties. Accordingly, I would remand the case to the trial court for further proceedings.

A stipulated judgment is "a contract of the parties acknowledged in open court and ordered to be recorded by a court of competent jurisdiction." *Gillis* v. *Gillis,* 214 Conn. 336, 339, 572 A.2d 323 (1990); *Bryan* v. *Reynolds,* 143 Conn. 456, 460, 123 A.2d 192 (1956). While a stipulated or consent judgment " 'is not a judicial determination of any litigated right' "; *Gillis* v. *Gillis,* supra; *Bryan* v. *Reynolds,* supra; "[it] is a judicial function and an exercise of the judicial power to render judgment on consent. A judgment upon consent is 'a judicial act.' " *Pope* v. *United States,* 323 U.S. 1, 12, 65 S. Ct. 16, 89 L. Ed. 3 (1944). There is no doubt that the parties may enter into any agreement they choose. By seeking to transform their private agreement into a judgment of court, however, the parties invoke the judicial power of the court. Such a judicial act, like all judicial acts, necessarily involves the court's exercise of its powers of law and equity. The parties cannot, by giving each other consideration, compel a court to render a judgment in accordance with a stipulation that the court, in the exercise of its discretion, is unwilling to accept. *System Federation No. 91, Railway Employees' Department, AFL-CIO* v. *Wright,* 364 U.S. 642, 651, 81 S. Ct. 368, 5 L. Ed. 2d 349 (1961). "[A] judge is not a mere umpire in a forensic encounter but a minister of justice, and it follows that an agreement is not necessarily binding on the court and may justifiably be disregarded in a particular case." *Central Connecticut Teachers Federal Credit Union* v. *Grant,* 27 Conn. App. 435, 438, 606 A.2d 729 (1992);

see also *System Federation No. 91, Railroad Employees' Department, AFL-CIO* v. *Wright,* supra (frequently terms arrived at by the parties are accepted without change by the adopting court, but adopting court is free to reject agreed upon terms as not in furtherance of statutory objectives).

In considering a motion to render judgment pursuant to a stipulation of the parties, a trial court has only two options. It may render judgment pursuant to the terms of the stipulation, or it may decline to enter such judgment. The trial court, however, lacks the authority to do what the court did here, render judgment pursuant to a stipulation that it has altered without the consent of the parties. While a court is not obligated to accept a stipulation if it considers its terms to be unreasonable, oppressive or contrary to public policy, the court may not reject or modify *portions* of a stipulation and then render judgment pursuant to the stipulation as modified by the court. "[A] court has no more power to partially modify or vacate a consent judgment or decree than it would have to modify a contract between the parties, and . . . hence if such a judgment was not in fact consented to by some of the parties it must be wholly vacated, inasmuch as a partial vacation as to the nonconsenting parties would leave a judgment to which the other parties had not consented." Annot., 139 A.L.R. 421, 443–44. Consequently, when presented with a request to render judgment in accordance with a stipulation of the parties, the court must either accept the agreement in whole or reject the agreement in whole, without modification.

Here, however, the trial court improperly exercised its discretion to reject the agreement of the parties by failing first to notify the parties of its concerns and then afford them an opportunity to be heard. A trial court need not hold a hearing if it exercises its discretion to render judgment in accordance with a stipulation of the parties. Under such circumstances, the lack of a hear-

ing does not implicate due process concerns. "If, [however], the court cannot adopt the stipulation of the parties, it should state its disapproval of the stipulation and the reasons for its disapproval on the record. The court should not [refuse to accept a proposed stipulated judgment] without offering the parties an opportunity to present evidence relevant to that judgment." *Central Connecticut Teachers Federal Credit Union* v. *Grant,* supra. Such a procedure will promote the parties' rights to constitutional due process; id.; and will permit the trial court to have before it a record on which to exercise its discretion. It will also permit the court to state its reasons for rejecting the parties' agreement on the record and directly to the parties. Such action will not only facilitate our review should a party claim, on appeal, that the rejection constituted an abuse of discretion, but will also give the parties an opportunity thereafter to modify their agreement, should they believe such is appropriate, to meet the concerns expressed by the court. Consequently, the requirement of a court hearing may also serve to promote the judicial policy of encouraging the settlement of litigation without trial. Because the trial court here did not provide the parties with notice of its concerns regarding the terms of the proposed judgment and an opportunity to be heard, I believe that a remand for that purpose is required. See id.

I, too, would reverse the judgment of the trial court. For the reasons stated above, however, I would remand the case to the trial court for a hearing on the stipulation, at which time the court could hear from the parties and either accept the stipulation and render judgment pursuant to its terms or reject the agreement and indicate its reasons on the record.