[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Samuel Milazzo, brings this action against defendants, Barry Schwartz and Creative Food and Beverage, Inc., seeking a judgment of strict foreclosure of two mortgages, each in the amount of $100,000.00.
Defendants introduced an Agreement between Sam Milazzo, as Seller, and Barry Schwartz, as Purchaser, dated August 3, 1989.
The Agreement provided for the sale of plaintiff's meat packing business including the structure and real property known as 1013-1017 Housatonic Avenue, Bridgeport, CT., and 1027 Housatonic Avenue, Bridgeport, CT., a vacant lot adjacent to the aforesaid structures.
The Agreement recited a purchase price of $450,000.00; payable, $25,000.00 upon signing, $225,000.00 at closing, $100,000.00 on or about March 1, 1991, and $100,000.00 on or about September 1, 1994.
The Agreement referenced two $100,000.00 mortgage notes as schedule B D.
The Agreement also referenced a lease between Creative Food and Beverage, Inc., as Landlord and Samuel Milazzo, as Tenant. The lease which was to be signed at closing, was an exhibit to the Agreement.
The court was asked to take "Judicial Notice" of Superior Court Bridgeport case CV B.R. 9109-01428 ("Case No. 1"). From that file the court learned that a closing took place on October 20, 1989. Samuel Milazzo transferred title to 1013 and 1017 Housatonic Avenue, Bridgeport, CT. to Creative Food and Beverage, Inc., and he was paid $250,000.00.
For whatever reason, the two $100,000.00 notes and mortgages were not signed at the closing. The lease also was not signed. CT Page 7035
Case No. 1 was disposed of by the parties entering into a stipulation to the court, Judge Leheny presiding; wherein the defendants agreed to execute and record the two notes and mortgage deeds securing the balance of the purchase price of $200,000.00.
The transcript of that stipulation, entered into on March 18, 1992, which is part of the file in this case, reads as follows:
"It is hereby stipulated and agreed by and between the parties that the defendant, Barry Schwartz, individually and as president of Creative Foods and Beverage, Inc., will execute the mortgage and notes — mortgages and notes, originally agreed to be executed as per the contract dated 8/3/89, which is exhibit A, in this law suit.
Said mortgages and notes will be prepared and recorded by Attorney Stanley Goldstein of our office within ten days of today's date.
Upon the execution and recording of said mortgage, notes and deeds, the plaintiff Milazzo will withdraw the instant action against Barry Schwartz, Creative Foods and Beverages, Inc. and Dana Lonergan and the defendants Barry Schwartz and Creative Foods and Beverages, Inc. will withdraw the counter-claim against the plaintiff, Samuel Milazzo.
Barry Schwartz and Creative Foods and Beverage, Inc. will seek to refinance the mortgage presently on 1013-1017 Housatonic Avenue, Bridgeport, and pay to the plaintiff the sum of one hundred thousand dollars in accordance with the notes and — the note and mortgage which is to — which was due 3/1/91.
The defendants, Barry Schwartz and Creative Foods and Beverage, Inc., have four months from the date of the execution of the mortgage and notes — mortgage, notes and deeds, to pay said one hundred thousand dollars.
If said one hundred thousand dollars is paid, by the defendants, to the plaintiff, Samuel Milazzo will convey by warranty deed, all of his right, title and interest in and to 1027 Housatonic Avenue, Bridgeport, to Creative Foods and Beverages, Inc.
If it is not paid by the defendants within said four month CT Page 7036 period, Samuel Milazzo reserves the right and is hereby given the right by the defendants to foreclose the note and mortgage due 3/1/91 and the note and mortgage due 9/1/9 — Did I say 9/1? — The note and mortgage due 3/1/91 and the note and mortgage due 9/1/94. Period.
MR. PALMASSI: Mr. Milazzo, do you understand that agreement?
MR. MILAZZO: Yes, Yes, I do Counselor.
MR. PALMASSI: Do you believe it is fair and reasonable?
MR. MILAZZO: Yes.
MR. PALMASSI: Do you accept it?
MR. MILAZZO: Yes, I do.
THE COURT: Mr. Lonergan?
MR. LONERGAN: Yes, I've read it and I understand it.
THE COURT: Mr. Schwartz?
MR. SCHWARTZ: I've read it and understand it.
THE COURT: Okay, You've been advised by counsel through this and you are satisfied with your counsel's advice?
MR. SCHWARTZ: Yes, I am.
THE COURT: Mr. Milazzo, you are satisfied through counsel's advice through all of this?
MR. MILAZZO: Yes, I am.
THE COURT: Well, Gentlemen, I would order a transcript so you would have it.
MR. PALMASSI: I've ordered it.
THE COURT: Okay. Okay. Good luck and thank you for settling this.
MR. PALMASSI: Thank you, Your Honor. CT Page 7037
MR. CONTE: Thank you, Your Honor."
In this case and Case No. 1, the defendants allege that the plaintiff breached the agreement by failing to occupy the premises for the five year term, as set forth in the unsigned lease agreement. The court finds that the unsigned lease violates the Statute of Frauds. Further, defendants breached the agreement when they did not execute and deliver the notes and mortgages at closing, forcing plaintiff to bring Case No. 1.
The court finds that plaintiff stopped paying rent when defendant told him he could not make the $100,000.00 payment due March 1, 1991.
This court has not heard any testimony that would overturn the stipulation entered into on March 18, 1992.
The defendants pleadings in this case are substantially identical to those set forth in Case No. 1. The parties entered into an agreement and the defendants have now chosen to ignore the court approved stipulation.
"A formal stipulation of facts by parties to an action constitutes a mutual judicial admission and under ordinary circumstances should be adopted by the court in deciding the case. Central Coat, Apron and Linen Service v. IndemnityInsurance Co. of North America, 136 Conn. 234.
Therefore, a judgment of strict foreclosure shall enter for the plaintiff and the case shall be continued for a further hearing to determine the terms of the judgment of strict foreclosure.
Dated at Bridgeport, Connecticut, this 6th of June, 1995.
RICHARD J. TOBIN, JUDGE