[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Jack A. Halperin, Inc., brings this action to CT Page 15347 recover for property damage under a policy of insurance written by the defendant Hermitage Insurance Company.
In 1988, the plaintiff leased a building at 311 East Street, New Haven, to Patrick Reilly and Golden Keys, Inc., doing business as Copa Cabana, a restaurant. At some point in 1989, without permission from the plaintiff, the lessees undertook to do some structural work on the leased premises, causing property damage to the building which the plaintiff had to repair. The plaintiff sued the lessees and obtained a judgment for $102,783.20 on May 21, 1996.
By letter of December 21, 1989, before any lawsuit was brought, counsel for the plaintiff notified the local insurance agent of the lessees that the plaintiff intended to make a claim for property damage caused by the lessees. The local agent forwarded that letter to the defendant Hermitage Insurance Company which provided insurance to the lessees. The defendant retained a local insurance adjuster Paul C. Higgins, Inc., to investigate the claim. It appears that Patrick Reilly, on behalf of Golden Keys, Inc., cooperated with the adjuster. Higgins filed a report of its investigation with the defendant by letter dated February 12, 1990.
Eventually the plaintiff brought suit against the lessees. Concerned that the lessees might not properly notify their insurance carrier, the plaintiff's counsel sent notice of the commencement of the lawsuit directly to Hermitage on November 22, 1995. The court finds that Hermitage was aware of the lawsuit against their insured.
The judgment of May 21, 1996, against Reilly and Golden Keys remains unsatisfied. The plaintiff has now brought this action under Conn. Gen. Stat. § 38a-321 to recover from the judgment debtor's insurance carrier. The defendant denies liability and has filed a special defense that the insurance policy did not cover the loss claimed by the plaintiff.
The parties presented evidence to the court and thereafter filed memoranda summarizing the evidence and the applicable law.
The court finds that this dispute can be resolved by reading the plain language of the insurance policy then in force, Hermitage Insurance Company Policy # HMP 101299, insuring Golden Keys, Inc., dba Copa Cabana [Exhibit B]. Under Section II of the CT Page 15348 policy entitled Liability Coverage (MP 00 93), the policy states that it covers damage from bodily injury or property damage, and then lists certain exclusions from such coverage. Under the Exclusions section on page 1, the following language appears: "This insurance does not apply: . . . (k) to property damage to (1) property owned or occupied or rented to the insured. . . ."
The judgment obtained by the plaintiff was for property damage to property occupied by and rented to the insured.
The plaintiff urges the court to construe an endorsement to the policy entitled Amendment — Limits of Liability (GL 99 17) as affecting the property damage exclusion. In fact the endorsement does not speak at all to the exclusion but only clarifies how multiple occurrences are to treated or how an aggregate limit is to be calculated, should that issue arise with respect to any claims made.
The court finds the language of the policy excluding coverage for property damage to the premises occupied and leased by the insured to be entirely clear. Accord, Central Coat, Apron andLinen Service, Inc. v. Indemnity Insurance Company,136 Conn. 234, 239 (1949).
Judgment shall enter for the defendant.
Patty Jenkins Pittman Judge of the Superior Court