[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO ENFORCE SETTLEMENT AGREEMENT
 I
The plaintiff, Andrew J. Moore, Jr., brought the instant suit seeking damages as a result of a car accident that occurred in Hartford, Connecticut, on August 31, 1993. Just prior to trial, on May 14, 1999, the attorneys for the parties reported a settlement of the matter to this court. Essentially, after some negotiation, the plaintiff's attorney, CT Page 10741 John F. O'Brien, advised defense counsel, William J. Scully, that the matter could be settled for the sum of $45,000. Evidently, the attorneys reached an agreement and prepared the proper withdrawal form, which included the plaintiff's signature. The attorneys also requested that the court canvass the plaintiff because he had questions concerning the agreement.
The court conducted that canvass on May 14, 1999. Upon questioning, the plaintiff indicated that he had been forced into settlement.[1] This court immediately vacated the withdrawal. The defendant then moved to enforce the settlement agreement, and this court held a series of hearings in connection with that motion. The first hearing was held on May 20, 1999, at which time O'Brien, Moore's attorney, admitted that there was an agreement between counsel but stated that there was no agreement between him and his client. Indeed, O'Brien accepted responsibility for not communicating the settlement terms to his client.[2] Moore was also called to testify, but after some discussion about privileged communication between him and his attorney, the court continued the matter to enable Moore to consult with new counsel.
On June 29, 1999, the court denied the motion to reconsider, finding that the terms of the settlement agreement, as well as the settlement process, were not at all clear to the plaintiff. After a meeting with defense counsel and Moore's new attorney, on January 18, 2000, the court stayed the ruling vacating the withdrawal. The next hearing occurred on March 23, 2000, at which time counsel argued the motion again. In moving to enforce the agreement, the defendant argued that the court could only set aside a withdrawal based upon coercion if the coercion was between the parties.
 II
In Audubon Parking Associates Ltd. Partnership v. Barclay Stubbs,Inc., 225 Conn. 804, 811, 626 A.2d 729 (1993), our Supreme Court ruled that "[a] trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. . . . Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit." (Citations omitted; internal quotation marks omitted.) The court also explained that "[s]ummary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes." Id., 812.
The defendant presses this motion to. enforce the settlement agreement because it maintains that the terms of this agreement were clear and CT Page 10742 unambiguous. The court agrees, at least in part. The terms of the agreement were, in fact, clear and not subject to dispute; this clarity was, however, only apparent to the attorneys, not to all of the parties. It is a "well established principle that . . . a stipulation of the parties is to be regarded and construed as a contract"; (internal quotation marks omitted) HLO Land Ownership Associates Ltd. Partnershipv. Hartford, 248 Conn. 350, 356, 727 A.2d 1260 (1999); and to have a valid contract, the parties must have a meeting of the minds. See Sicarasv. Hartford, 44 Conn. App. 771, 784, 692 A.2d 1290, cert. denied,241 Conn. 916, 696 A.2d 340 (1997). "`Meeting of the minds' is defined as "mutual agreement and assent of two parties to contract to substance and terms. It is an agreement reached by the parties to a contract and expressed therein, or as the equivalent of mutual assent or mutual obligation.' Black's Law Dictionary (6th Ed. 1990)." (Emphasis added.) Id.
Although the court is mindful that stipulations of the parties should be adopted by the court; see Central Coat, Apron Linen Service, Inc.v. Indemnity Ins. Co. of North America, 136 Conn. 234, 236, 70 A.2d 126
(1949); the court is not "a mere umpire in a forensic encounter but a minister of justice, and . . . an agreement is not necessarily binding on the court and may justifiably be disregarded in a particular case."Central Connecticut Teachers Federal Credit Union v. Grant,27 Conn. App. 435, 438, 606 A.2d 729 (1992). "The essence of the [stipulated] judgment is that the parties to the litigation have voluntarily entered into an agreement setting their dispute or disputes at rest and that, upon this agreement, the court has entered judgment conforming to the terms of the agreement." (Emphasis added.) Id., 437. Courts have the inherent authority to reject a stipulation that the parties seek to have the court render as a judgment. See Bank of BostonConnecticut v. DeGroff, 31 Conn. App. 253, 256-57, 624 A.2d 904 (1993) (Freedman, J., concurring in part and dissenting in part). Indeed, "a court is not obligated to accept a stipulation if it considers its terms to be unreasonable, oppressive or contrary to public policy. . . ." Id., 258. In addition, a stipulated judgment may also be altered or set aside by the court where it is shown that the stipulation, itself, was obtained by fraud, duress, accident or mistake. See Jenks v. Jenks, 232 Conn. 750,753, 657 A.2d 1107 (1995); Gillis v. Gillis, 214 Conn. 336, 340,572 A.2d 323 (1990); Connecticut Pharmaceutical Assn., Inc. v. Milano,191 Conn. 555, 558, 468 A.2d 1230 (1983); Bernet v. Bernet,56 Conn. App. 661, 665-66, 745 A.2d 827, cert. denied, 252 Conn. 954
___ A.2d ___ (2000).
The defendant, here, argues that the settlement was reached prior to the filing of the withdrawal, and, thus, the agreement of the attorneys was binding on the parties. Unlike the situation in Montgomery v. Smith, CT Page 1074340 Conn. Sup. 358, 499 A.2d 444 (1985), in which the court rejected an attempt by the defendant to repudiate an oral agreement to settle prior to it being recorded in open court, it is clear that one of the principal parties in the present case never approved the agreement.
The defendant is also not aided by the line of authority espousing the general rule that an attorney's actions taken and admissions made during the course of litigation are binding upon the client. See, e.g.,Expressway Associates II v. Friendly Ice Cream Corp. of Connecticut,218 Conn. 474, 478, 590 A.2d 431 (1991); Shuster v. Buckley,5 Conn. App. 473, 479, 500 A.2d 240 (1985). "An attorney who is authorized to represent a client in litigation does not automatically have either implied or apparent authority to settle or otherwise to compromise the client's cause of action." Acheson v. White, 195 Conn. 211,213 n. 4, 487 A.2d 197 (1985); Liquori v. Giordano, 42 Conn. Sup. 122,124, 603 A.2d 782 (1991). "Either precedent special authority from the client or subsequent ratification by him is essential in order that a compromise or settlement by an attorney shall be binding on his client."Cole v. Myers, 128 Conn. 223, 227, 21 A.2d 396 (1941). Thus, the settlement reached by counsel in this case is not, as the defendant suggests, automatically binding upon the plaintiff. Instead, "[a] common intention or meeting of the minds of the negotiating parties themselves is essential to the making of an accord, and where one party understands an agreement of settlement to be one thing, and the other party understands it to be another, there is no meeting of the minds of the parties, regardless of what the attorney conducting the negotiationsbelieves to be his client's understanding." (Emphasis added.) SavingsBank of Rockville v. Garofalo, Superior Court, judicial district of Tolland at Rockville, Docket No. 54167 (February 28, 1997, Hammer,S.T.R.); see also Sciremammano v. HW Hideaway Cafe, Superior Court, judicial district of New London at New London, Docket No. 515845 (April 6, 1993, Hurley, J.). It is clear in this case that the settlement reached does not reflect a meeting of the minds of the parties. As O'Brien himself has admitted, the settlement obtained was based on a misunderstanding on his part of his client's instructions.
Moreover, at the canvass, the court heard that the plaintiff honestly thought he was being forced into the settlement by the court; he believed that he had no choice in the matter. Indeed, in responding to a statement by the court concerning whether he had resolved the case with the defendant, the plaintiff responded: "No, I only signed that — I felt I've been coerced. They told me — the judge said the case was closed so, I had to sign it."[3] It is clear that Moore did not have an understanding of the essence of the settlement process, nor the resulting terms of the settlement agreement. This is not a situation where a litigant had a change of heart after some time and reflection. The CT Page 10744 canvass occurred simultaneously with the attorneys reporting the settlement, and it was the attorneys that requested the canvass because the plaintiff had questions.
The present case is also unlike the situation in Lawler v. Blazawski, Superior Court, judicial district of Tolland at Rockville, Docket No. 056909 (February 11, 1998, Hammer, JTR.) (21 Conn.L.Rptr. 383) (defendant claimed that he signed agreement with the plaintiff because he was pressured by his wife), cited by the defendant, as the plaintiff herein testified that he believed that he was being pressured by the court and the system itself. The present situation, therefore, is clearly distinguishable from the factual situation in Lawler v. Blazawski, supra.
The public policy of maintaining the integrity of the settlement process is surely not furthered by approving a "resolution" that the litigant both does not understand and in which he honestly feels coerced by the court. In fact, enforcing the agreement would have the opposite effect. Accordingly, the court denies the defendant's motion to enforce the proposed settlement agreement.
Berger, J.