## DWIGHT CUPE *v.* COMMISSIONER OF CORRECTION
### (AC 21391)

Lavery, C. J., and Schaller and Peters, Js.

Argued October 23, 2001—officially released February 19, 2002

*Timothy J. Sugrue,* senior assistant state's attorney, with whom, on the brief, were *Scott J. Murphy,* state's attorney, and *Jo Anne Sulik,* assistant state's attorney, for the appellant (respondent).

*Sebastian O. DeSantis,* special public defender, for the appellee (petitioner).

*Opinion*

PETERS, J. The sole issue in this appeal is whether a habeas court has the authority to take any action with respect to issues not raised in the habeas pleadings. Specifically, we must decide whether the habeas court may dismiss a guilty plea to a charge that is not included in the parties' stipulation of issues to be considered by the court. The respondent commissioner of correction appeals from the habeas court's judgment, vacating the petitioner's plea of guilty to a charge of manslaughter because the petition for a writ of habeas corpus dealt only with a charge of conspiracy to distribute narcotics.

We reverse the judgment of the habeas court as to the vacation of the manslaughter plea.

The following factual and procedural history is relevant to the disposition of this appeal. On November 16, 1999, the petitioner, Dwight Cupe, pleaded guilty to charges of manslaughter in the first degree in violation of General Statutes §§ 53a-8b and 53a-55a, and conspiracy to distribute narcotics in violation of General Statutes §§ 53a-48 and 21a-277 (a). Prior to these pleas, the petitioner had moved unsuccessfully to suppress evidence related to the charge of conspiracy to distribute narcotics.[1] The petitioner repeatedly indicated to his attorney that he desired to appeal the court's ruling on his motion. Relying on his attorney to preserve his right to appeal, the petitioner proceeded to enter guilty pleas under the *Alford* doctrine[2] on both charges. Neither *Alford* plea was, or could have been, conditioned on the preservation of the petitioner's right to appeal the denial of his motion to suppress.[3] On December 22, 1999, the petitioner was sentenced to a total of twenty years imprisonment, suspended after ten years, with five years probation.

On August 14, 2000, the petitioner filed an amended petition for a writ of habeas corpus, alleging that his trial attorney had provided ineffective assistance of counsel by failing to preserve his right to appeal from

[1] The evidence at issue consisted of letters that were written by the petitioner to his wife while he was incarcerated. The letters, which were seized from the petitioner's home by police while executing a search warrant, contained information relevant to the charge of conspiracy to distribute narcotics. The petitioner claims that the letters were beyond the scope of the warrant.

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] The proper way to preserve the right to challenge the denial of the motion to suppress would have been to file a plea of nolo contendere conditional on the right to take an appeal from that ruling. See Practice Book § 61-6.

the denial of the motion to suppress and by failing to inform him of the ramifications of pleading guilty under the *Alford* doctrine.[4] By way of relief, the petitioner requested the right to plead nolo contendere so that he would be able to appeal from the denial of his motion to suppress.[5]

A hearing before the habeas court was held on August 22, 2000. At the hearing, the court discussed with the parties which of the petitioner's pleas were before the court. The court stated that the petitioner's plea of guilty to the charge of manslaughter was not part of the petition and was, therefore, not within the court's jurisdiction. When the petitioner raised the issue of the voluntariness of his plea, the court ruled that this also was not part of the petition.

The court later indicated its preference for addressing both the original claim of ineffective assistance of counsel and the voluntariness of the petitioner's plea. The court requested either that the respondent stipulate that the court could do so or that the petitioner file an amended petition to which the respondent could reply. On August 30, 2000, the parties executed a stipulation that set out the issues to be considered by the court. By the express terms of the stipulation, however, the petition for a writ of habeas corpus dealt only with

[4] The petitioner initially filed a petition for a writ of habeas corpus on or about January 13, 2000. He subsequently secured a special public defender who filed the amended petition on August 14, 2000.

[5] The petitioner's prayer for relief in his amended petition states in relevant part:

"1. That the Court revoke the Petitioner's guilty plea and grant the Petitioner a right to plead nolo [c]ontendere under Connecticut General Statutes § 54-94a;

"2. That the court reassert the Petitioner's right to appeal the denial of the motion to suppress; and,

"3. That the Court grant such other or further relief as law and equity may require."

the charge of conspiracy to distribute narcotics.[6] Both parties filed briefs addressing the issues included in the stipulation.

On October 12, 2000, the habeas court rendered judgment for the petitioner. The court vacated the petitioner's guilty pleas to *both* charges. Relying on *State* v. *Phidd,* 42 Conn. App. 17, 681 A.2d 310, cert. denied, 238 Conn. 907, 679 A.2d 2 (1996), cert. denied, 520 U.S. 1108, 117 S. Ct. 1115, 137 L. Ed. 2d 315 (1997), the court granted the petitioner's request for the right to appeal from the denial of the motion to suppress. In its memorandum of decision, the court found that the petitioner had been denied his right to effective assistance of

[6] The document titled "Stipulation of Issues and Schedule of Pleadings" states in relevant part:

"The petitioner and the respondent hereby stipulate that the habeas court may consider the following issues in deciding whether the petitioner's petition for [a] writ of habeas corpus dealing with the conspiracy to distribute narcotics, § 21a-277(a), Docket No. CR97-172619, should be granted:

"1. Whether [the petitioner's] trial counsel was ineffective in not making [the petitioner's] plea one of nolo contendere with the right to appeal?

"2. Whether, if the habeas court were to reinstate the petitioner's right to appeal from his guilty plea, the petitioner could gain review of his claim that the trial court erred in denying his motion to suppress?

"3. Whether, under the circumstances of this case, the reinstatement of the petitioner's right to appeal from his guilty plea is an appropriate remedy?

"4. Whether [the petitioner's] plea was unknowing, unintelligent, and involuntary and, thus, invalid, as a result of ineffective assistance of counsel? In raising this question, the petitioner alleges that his attorney's performance was deficient and that such deficient performance resulted in prejudice.

"5. Whether [the petitioner's] guilty plea was not made in a knowing, intelligent and voluntary manner because the plea canvass did not inform [the petitioner] that he was giving up his right to appeal the denial of his motion to suppress?

"6. Whether the petitioner is entitled to habeas review or relief of his claim in paragraph 5, above, where he did not challenge the validity of his plea before sentencing or on direct appeal? In raising this issue, the respondent alleges that because the petitioner did neither, the claim is procedurally defaulted. The respondent further alleges that the petitioner cannot establish good "cause" for procedural default and "prejudice" sufficient to excuse the default and permit review of the claim for the first time in this habeas corpus proceeding. . . ."

counsel and that his guilty pleas on *both* charges were not made in a knowing, intelligent and voluntary manner. The record contains no indication that the court notified the parties in advance or stated on the record its decision to consider the validity of the manslaughter plea. This appeal followed.

On appeal, the respondent does not challenge the court's finding of ineffective assistance of counsel or the vacation of the petitioner's guilty plea as to the *narcotics* charge. The respondent claims, instead, that the court improperly vacated the petitioner's manslaughter plea because (1) the validity of the manslaughter plea was not properly before the court, (2) the petitioner failed to present evidence of prejudice to the petitioner as to the manslaughter plea and (3) the court failed to find prejudice to the petitioner as to the manslaughter plea.

The respondent argues, in his first contention, that the court exceeded its authority in vacating the petitioner's plea of guilty to the charge of manslaughter because that plea was not properly before the court. We agree.[7]

Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review, questions of law are subject to plenary review. *Morrison* v. *Commissioner of Correction*, 57 Conn. App. 145, 147, 747 A.2d 1058, cert. denied, 253 Conn. 920, 755 A.2d 215 (2000). The issue before us presents a question of law and, thus, our review is plenary.

"In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement. . . . The petition for a writ of habeas corpus is essentially a pleading and, as

---

[7] In light of this conclusion, we need not address the respondent's second and third claims.

such, it should conform generally to a complaint in a civil action. . . . While the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised." (Citations omitted; internal quotation marks omitted.) *Jenkins* v. *Commissioner of Correction*, 52 Conn. App. 385, 406, 726 A.2d 657, cert. denied, 249 Conn. 920, 733 A.2d 233 (1999); see also *Holley* v. *Commissioner of Correction*, 62 Conn. App. 170, 181, 774 A.2d 148 (2001).

In this case, the amended petition alleged that the petitioner was denied effective assistance of counsel in that his attorney failed to preserve his right to appeal from the denial of his motion to suppress, a claim that is relevant to the charge of conspiracy to distribute narcotics. The petition did not address any issue concerning his plea to the charge of manslaughter. At the habeas hearing, the court acknowledged that omission and ruled that the plea to the manslaughter charge was not properly before the court. The petitioner did not challenge that ruling and, indeed, conceded that the manslaughter plea was not included in the habeas petition.[8] Although the parties stipulated, after all the evidence had been presented, that the court could address the voluntariness of the petitioner's plea, the stipulation described only that part of the petition relating to the charge of conspiracy to distribute narcotics. The respondent limited its posttrial brief to the issues arising out of the narcotics charge.

In general, the effect of a trial stipulation by the parties is well established. While stipulations are not necessarily binding on the court and may justifiably be

---

[8] The petitioner made the same concession in oral argument before this court.

disregarded in certain circumstances, they ordinarily are adopted by the court. *Central Connecticut Teachers Federal Credit Union* v. *Grant*, 27 Conn. App. 435, 438, 606 A.2d 729 (1992). If the court decides that it cannot adopt the parties' stipulation, the court should state on the record its disapproval of the agreement, as well as the reasons for its disapproval. Id. The court also should offer the parties an opportunity to present evidence prior to proceeding to judgment. Id. A trial court exceeds its authority if it disregards the terms of the parties' stipulation without notifying the parties and providing them an opportunity fully to litigate the controversy. See *Hartford Postal Employees Credit Union, Inc.* v. *Rosemond*, 33 Conn. App. 395, 397–98, 635 A.2d 876 (1994); *Bank of Boston Connecticut* v. *DeGroff*, 31 Conn. App. 253, 255–56, 624 A.2d 904 (1993); *Central Connecticut Teachers Federal Credit Union* v. *Grant*, supra, 438.

If a court decides that a stipulation is appropriate, it may, of course, interpret the terms of the stipulation. The standard for interpreting such a stipulation also has been well established. "[A] stipulation . . . must be construed according to the intention of the parties as expressed in the language used in the document itself, rather than according to the intention which may have existed in the mind of either of the parties. . . . When the intent of the parties is clear in the stipulation, intent is a matter of law, rather than a question of fact." (Citations omitted; internal quotation marks omitted.) *Potter* v. *Chicago Pneumatic Tool Co.*, 241 Conn. 199, 260, 694 A.2d 1319 (1997).

In this case, there is no claim that the stipulation was incomplete, unclear or ambiguous. The parties' manifestation of their intent was, therefore, binding on the court as a matter of law. The stipulation stated that the petition was "dealing with the conspiracy to distribute narcotics, § 21a-277 (a), Docket No. CR97-

172619 . . . ."[9] Notably, the stipulation omitted any reference to the charge of manslaughter. Despite the possible ambiguity of the discussions during trial about the issues that were before the court, the parties' posttrial stipulation left no room for uncertainty.

In support of its disposition of both pleas, the court indicated that the plea on the charge of manslaughter and the plea on the charge of conspiracy to distribute narcotics were "intertwined."[10] The petitioner's brief cites no authority to support the proposition that a habeas court has authority to assume jurisdiction over a possibly related charge when that charge is not included in the petition.

In light of this record, the court had no authority to disregard the parties' stipulation without notifying them. The parties had no opportunity fully to litigate the issues relating to the manslaughter plea. We are persuaded that the plea to the charge of manslaughter was not before the habeas court.

The petitioner argues that, even if the manslaughter plea was not properly before the court, the court had the authority to vacate that plea as a remedy for the constitutional violation that had been established on the narcotics plea. In its memorandum of decision, the court relied on its authority under General Statutes § 52-470 (a)[11] to "dispose of the case as law and justice require" to vacate both pleas.[12]

---

[9] See footnote 6.

[10] In its memorandum of decision, the court stated: "Further, the two cases are intertwined. If the petitioner should win on his appeal of the denial of the motion to suppress, he may well feel that he should go to trial on the attempted manslaughter charge knowing that he would not have a conviction on the drug offense to impeach him."

[11] General Statutes § 52-470 (a) provides in relevant part: "The court or judge hearing any habeas corpus shall proceed in a summary way to determine the facts and issues of the case, by hearing the testimony and arguments therein, and inquire fully into the cause of imprisonment, and shall thereupon dispose of the case as law and justice require."

[12] The court also relies on *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989), for its authority to consider claims of constitutional magnitude.

While a court has the discretion to formulate a remedy that is appropriate in light of a finding of a constitutional violation; *James L. v. Commissioner of Correction*, 245 Conn. 132, 148, 712 A.2d 947 (1998); its discretion is not unlimited. The remedy provided must be commensurate with the scope of the constitutional violation that it seeks to vindicate. *Gaines v. Manson*, 194 Conn. 510, 528, 481 A.2d 1084 (1984); see also *State v. Phidd*, supra, 42 Conn. App. 30; *State v. Robinson*, 10 Conn. App. 520, 523–24, 523 A.2d 1365, cert. denied, 204 Conn. 807, 528 A.2d 1154 (1987).

The petitioner relies on *Molinas v. Commissioner of Correction*, 231 Conn. 514, 652 A.2d 481 (1994), to support his contention that the habeas court had broad discretion to take the initiative in devising an appropriate remedy in this case. *Molinas* does not, however, grant unlimited authority to the court to devise any remedy that it finds appropriate or to address an issue not raised in the habeas petition. In *Molinas*, the court allowed a habeas court to order the remission of a fine, which the petitioner had not requested as a remedy, because the habeas court was statutorily empowered to do so. In the present case, the problem is not that the petitioner failed to request specifically the remedy of vacating the manslaughter plea, but rather that the petitioner failed to raise any issue concerning the constitutionality of the manslaughter plea. The appropriateness of a remedy formulated by a habeas court depends not on whether the petitioner requested that remedy, but on whether it is commensurate with the constitutional violations found by the court. *Gaines v. Manson*, supra, 194 Conn. 528.

---

*Golding,* however, grants authority for appellate review of claims not raised at trial if there is adequate support in the record that the litigant has been deprived of a fundamental constitutional right. *Golding* does not grant similar authority for collateral review and is, therefore, inapplicable to habeas proceedings. *Tyson v. Warden,* 24 Conn. App. 729, 733 n.4, 591 A.2d 817 (1991).

The constitutional violation established in this case was ineffective assistance of counsel. As alleged by the petitioner and as found by the court, that violation related specifically to the petitioner's plea to the charge of conspiracy to distribute narcotics. The court's remedy of vacating *both* pleas therefore exceeded the scope of the constitutional violation that was established. We conclude that, in the absence of a proper pleading, it was improper for the court to vacate the plea to the charge of manslaughter.

The judgment is reversed with respect to the vacation of the manslaughter plea and the case is remanded with direction to render judgment vacating the petitioner's plea only with respect to his conviction of conspiracy to distribute narcotics.

In this opinion the other judges concurred.