HARTFORD POSTAL EMPLOYEES CREDIT UNION, INC.
*v.* KIMBERLY ROSEMOND
(11801)

LAVERY, HEIMAN and SCHALLER, Js.

Argued October 29, 1993—decision released January 4, 1994

*David M. Kutzner,* for the appellant (plaintiff).

*Kimberly Rosemond,* pro se, the appellee (defendant).

LAVERY, J. The plaintiff judgment creditor, Hartford Postal Employees Credit Union, Inc., appeals from the judgment of the trial court vacating a wage execution against the defendant judgment debtor, Kimberly Rosemond. The plaintiff asserts on appeal that the trial court improperly (1) ignored the parties' stipulated modification of the wage execution and (2) vacated the execution on a motion to modify. We agree with the plaintiff and reverse the trial court's order.

On March 26, 1991, the trial court rendered judgment for the plaintiff in the amount of $4386.07. In accordance with a stipulation of the parties, the judgment

ordered the defendant to pay the plaintiff $130 monthly. The defendant made payments through November, 1991, skipped the December payment, made the January, 1992 payment and a partial payment the following April. She made no subsequent payments.

In August, 1992, the plaintiff obtained a wage execution and served the defendant's employer, who established that $151.95 biweekly or $79.98 weekly would be withheld from the defendant's pay pursuant to General Statutes § 52-361a. The defendant moved to modify the wage execution to $30 per week. The trial court scheduled a hearing on the defendant's motion for September 21, 1992.

Prior to the hearing, the parties signed a stipulation modifying the execution to $30 per week and submitted it to the court. Through a clerical error, however, the court inadvertently recorded the stipulation as modifying the order to $35 per week. At the hearing on her motion to modify, held to correct the order entered in error, the defendant ignored the parties' stipulation and asked the court to vacate the execution entirely. After hearing argument by the plaintiff and the defendant, but without taking any evidence, the court vacated the execution and ordered the defendant to pay directly to the plaintiff's counsel $30 per week.

The plaintiff claims that the trial court failed to satisfy the statute authorizing modification of wage executions. General Statutes § 52-361a (h), entitled "Modification," provides: "Either party may apply at any time to the court which issued the wage execution for a modification of the execution. After notice and hearing or pursuant to a stipulation, the court may make such modification of the execution as is reasonable." Although the court had before it the parties' stipulation, the court did not modify the execution "pur-

suant to [the] stipulation." Although stipulations are not binding, they ordinarily should be adopted by the court. *Central Connecticut Teachers Federal Credit Union* v. *Grant,* 27 Conn. App. 435, 438, 606 A.2d 729 (1992). Where stipulations are not adopted, the court should provide the parties an opportunity to present evidence, and state for the record the reason for its disapproval of the stipulation. Id. Neither procedure was followed here.

The record also reveals that the court heard argument but did not take evidence or sworn testimony. The court had before it a motion to modify, the granting of which, under § 52-361a (h), was a discretionary act to be based on reasonableness. This requires findings based on evidence. See *People's Bank* v. *Perkins,* 22 Conn. App. 260, 263–64, 576 A.2d 1313, cert. denied, 216 Conn. 813, 580 A.2d 58 (1990). Since no evidence was presented and the stipulation was not accepted, the trial court failed to comply with § 52-361a (h). A new hearing is required. An issue that may arise on rehearing is whether the power to modify a wage execution includes the power to vacate the execution. We hold that the trial court cannot vacate a wage execution on a motion to modify. The statutory scheme of postjudgment remedies set forth in chapter 906 of the General Statutes balances the equities between judgment creditors and judgment debtors. Thus, although the issuance of a wage execution is mandatory; General Statutes § 52-361a (b); executions are limited in number and amount.[1] General Statutes § 52-361a (f).

---

[1] The amount subject to levy is limited to the lesser of 25 percent of disposable earnings or the excess of forty times the federal minimum hourly wage; only one execution can be satisfied at a time. General Statutes § 52-361a (f).

The only exception to the limitation on amount is an execution for support of a wife or husband or a minor child. Such executions are unlimited. General Statutes § 52-362.

This equitable balance ensures satisfaction of the judgment while permitting the debtor to use residual earnings " 'for the support of himself and his family or for any other proper purpose.' " *Sienkiewicz* v. *Sienkiewicz*, 178 Conn. 675, 679, 425 A.2d 116 (1979), quoting *General Tires, Inc.* v. *United Aircraft Corp.*, 143 Conn. 191, 196, 120 A.2d 426 (1956).

Under chapter 906, when a judgment is rendered against a natural person, either the judgment creditor or the judgment debtor may move for an order of instalment payments. General Statutes § 52-356d (a).[2] After a hearing and in consideration of the judgment debtor's financial circumstances, the court may order instalment payments reasonably calculated to satisfy the judgment. General Statutes § 52-356d (a). If the judgment debtor fails to comply with the ordered instalment payments, the judgment creditor may apply for a wage execution. General Statutes § 52-361a (a).[3] On application by a judgment creditor, issuance of a wage execution is mandatory. General Statutes § 52-361a (b).[4] If the judgment debtor fails to claim an exemption during an automatic twenty day stay, the execution goes into effect. General Statutes § 52-361a (d).[5] Only one

---

[2] General Statutes § 52-356d (a) provides: "When a judgment is rendered against a natural person, the judgment creditor or judgment debtor may move the court for an order for instalment payments in accordance with a money judgment. After hearing and consideration of the judgment debtor's financial circumstances, the court may order instalment payments reasonably calculated to facilitate payment of the judgment."

[3] General Statutes § 52-361a (a) provides in pertinent part: "If a judgment debtor fails to comply with an instalment payment order, the judgment creditor may apply to the court for a wage execution. . . ."

[4] General Statutes § 52-361a (b) provides: "On receipt of the application, a clerk of the superior court shall issue a wage execution against the judgment debtor, directed to a levying officer, to enforce payment of the judgment."

[5] General Statutes § 52-361a (d) provides in pertinent part: "On service of the execution on the employer, the execution shall automatically be stayed for a period of twenty days and shall thereafter immediately become a lien and continuing levy on such portion of the judgment debtor's earnings as

execution can be satisfied at any one time; priority of executions is determined by the order of their presentation to the employer.[6] General Statutes § 52-361a (f). Finally, either party may ask the court to modify the execution. General Statutes § 52-361a (h).

Modification has been defined as "[a] change; an alteration or amendment which introduces new elements into the details or cancels some of them, but leaves the general purpose and effect of the subject-matter intact." Black's Law Dictionary (6th Ed. 1990) p. 1004. Conversely, to vacate is to "annul; to set aside; to cancel or rescind. . . ." Id. The statutory scheme of postjudgment remedies envisions modification based on the judgment debtor's financial circumstances. See General Statutes § 52-361a (h) (permitting reasonable modification). Nothing in the statutes, however, permits canceling or rescinding a wage execution. Modification under the statute clearly means to increase or decrease in light of the judgment debtor's financial circumstances.

Moreover, permitting a trial court to vacate an execution on a motion to modify would inequitably disturb the priority of wage executions. Because only one execution may be satisfied at a time, and because priority is determined by presentation to the employer, a judgment debtor could have a wage execution vacated in response to a motion to modify, thereby sending the judgment creditor to the end of the line. It would be unfair for a judgment creditor to have its wage execu-

is specified therein, provided if a claim is filed in accordance with subsection (d) of section 52-361b within twenty days of such service on the employer, the stay shall continue until determination of the claim."

[6] Concurrent executions are permissible, however, under General Statutes § 52-362. Further, "execution on wages for support pursuant to § 52-362 shall take precedence over any execution under the provisions of section 52-361 [now § 52-361a]." (Internal quotation marks omitted.) *Sienkiewicz* v. *Sienkiewicz,* 178 Conn. 675, 679, 425 A.2d 116 (1979).

tion vacated and then have wage executions of other judgment creditors take priority over its judgment.

Finally, the power to vacate a wage execution in response to a motion to modify would be the discretionary power to cancel the issuance of an execution. Issuing a wage execution, however, is not discretionary, it is mandatory. General Statutes § 52-361a (b). Including the power to vacate within the power to modify would defeat the mandatory nature of § 52-361a (b). Therefore, we hold that the power to modify pursuant to § 52-361a (h) does not include the power to vacate.

The order of the trial court is reversed and the matter is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.