[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO MODIFY ORDER OFNOMINAL PAYMENTS
Levy Droney for plaintiff.
Robinson Cole for defendant.
On February 23, 1993, First Bank of West Hartford brought suit against Rolf Andersen, Martha G. Andersen and CT Page 7972 Interbrands, Inc. for the collection of two notes allegedly owed to the plaintiff Bank.
The complaint is in two counts. The first count is against all defendants and alleges a default in a promissory note dated March 23, 1991 in the principal sum of $100,000.00. The second count is against defendants Rolf and Martha Andersen and alleges a default in a mortgage note dated January 22, 1991 in the principal sum of $125,000.00.
Each of the defendants was thereafter defaulted for failure to appear and plaintiff's Motion for Judgment filed August 13, 1993 was granted on August 23, 1993 (Goldberg, J.). The court's judgment sets forth that:
 judgment granted in favor of plaintiff against defendants Rolf Andersen, Martha G. Andersen, Interbrands, Inc. in the amount of $150.039.10 principal, $10,968.83 interest for a total of $161,007.93 plus costs of $305.20 and attorneys' fees of $3,850.00 in a nominal weekly order of payments of $10.00 per week. (Emphasis added).
The judgment does not distinguish between the two counts in terms of damages, costs or attorneys' fees. In addition, the nominal weekly order of payments of $10.00 per week does not specify whether each of the defendants is to pay $10.00 per week or whether all of the defendants are to pay $10.00 or whether the $10.00 applies to each count or both counts.
Thereafter, on or about November 15, 1993, defendant Rolf Andersen filed a pro se appearance in response to plaintiff's Motion to Modify Order of Nominal Payments dated October 29, 1993. After a succession of continuances and/or refiling, the plaintiff's Motion to Modify Order of Nominal Payments was heard by this court. At the time of the hearing, the defendant Rolf Andersen was and continues to be represented by counsel.
In its brief, the plaintiff represents that "[I]n the interim, the plaintiff commenced a parallel action in Massachusetts Superior Court to collect on the notes and on March 2, 1993 obtained a court ordered attachment of the real property at 176 Grove Street, Hanover, Massachusetts, in the name of Rolf Andersen. Massachusetts counsel has requested that a certified copy of the Connecticut judgment devoid of the nominal order be forwarded to him to permit the Massachusetts action to proceed to final judgment." CT Page 7973
The plaintiff, in its brief, concedes "The defendants have generally paid the nominal weekly order of $10.00 per week."
Plaintiff's Motion to Modify may not be granted in that it seeks not to modify an installment payment order, but to vacate the order. Plaintiff apparently takes the position that the term vacate is subsumed in the basic definition of modification.
As background, the installment payment order was granted pursuant to Conn. Gen. Stat. § 52-356(a) and (c). Subsection (c) provides as follows:
 Notwithstanding the hearing requirements of Subsection (a) of this section, on motion of the judgment creditor for an order of nominal payments, the court shall issue ex parte, without hearing, an order for nominal installment payments. The amount which shall constitute an order of nominal payment shall be set by the judges of the superior court. Such an order for nominal payments may be modified on motion of either party after hearing in consideration of the judgment debtors financial circumstances.
Plaintiff has moved to modify the order pursuant to § 52-356d(c). In this regard, the plaintiff's motion is defective in that plaintiff has not presented the court, as required under that section, after hearing, evidence as to the judgment debtor's financial circumstances. Such a threshold evidentiary issue is required under that section for the court to consider modifying any order of nominal payments. Accordingly, for this reason, the motion to modify is denied as insufficiently presented under § 52-356d(c) as specifically requested by the plaintiff.
Notwithstanding the foregoing, plaintiff could have moved, (although it did not) for a motion to modify order of nominal payments under subparagraph f of Conn. Gen. Stat. § 52-356d. That section provides:
 On motion of either party and after notice and hearing or pursuant to a stipulation, the court may make such modification of an installment payment order as is reasonable.
The motion to modify does not seek an order that the weekly payments be modified, but that they be vacated. (Emphasis added). Plaintiff, it would appear, understands that the term CT Page 7974 vacate is subsumed in the term "modify." Its understanding of the word modify is neither supported by dictionary definitions or by its use elsewhere in the Connecticut General Statutes or by Connecticut case law. The cardinal rule of statutory interpretation is that "the intent of the legislature is to be found not in what it meant to say, but in what it did say; and the statute should not be read in any way to defeat its purpose." McIlwain v. Moser FarmsDairy, Inc., 40 Conn. Sup. 230, 232 (1985) (citations omitted). In the present case, the legislature explicitly said "modification" and not "vacating" when they enacted Conn. Gen. Stat. § 52-356d. Therefore, this statute envisions only modifications of orders for nominal payments, and not vacations of such orders as plaintiff contends. "If there is no ambiguity in the language of the statute, it does not become ambiguous merely because the parties contend for different meanings." Caldor, Inc. v. Heffernan,183 Conn. 566, 571 (1981). Moreover, it is well-established that where the language used in a statute is clear and not contradicted by any other provisions in the statute, the language must be given its "commonly approved meaning and further judicial interpretation is not necessary." B.F. Goodrich Co. v. Dubno, 196 Conn. 1,8 (1985) (citations omitted). See, e.g., Hayes v. Smith, 194 Conn. 52,58 (1984) ("`[I]n the absence of ambiguity, courts cannot read into statutes, by construction, provisions which are not clearly stated.'") (quoting Point O'Woods Assn., Inc. v. ZoningBoard of Appeals, 178 Conn. 364, 366 (1979)). Therefore, this court should not engage in a statutory construction of the term "modification" as used in § 52-365d.
Nonetheless, Conn. Gen. Stat. § 52-365d does not explicitly define the term "modify." The defendants have offered dictionary definitions as follows:
 The term modify, is defined in the Merriam Webster Dictionary (Pocketbook) 12th Printing, May, 1976 as "change, alter." The Webster's Ninth New Collegiate Dictionary (1983) defines modify as follows: "To make less extreme, moderate; 2(a): to limit or restrict the meaning of especially in a grammatical construction: qualify . . .; 3(a): to make minor changes in (b) to make basic or fundamental changes and often to give a new orientation to or to serve a new end . . . to undergo change."
Connecticut General Statutes also seem to distinguish between modification, vacation, setting aside and exemption. For example, in Conn. Gen. Stat. § 52-361a(d), which deals with execution CT Page 7975 of wages after judgment, it provides that a wage execution shall continue until the judgment is "satisfied, or the execution is modified or set aside. . . ." The statute distinguishes between modification and setting aside. Likewise, in § 52-278k, which deals with prejudgment remedies, provides that "the court may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy granted or issued under this chapter upon the presentation of evidence which would have justified such court in modifying or denying such a prejudgment remedy under the standards applicable at an initial hearing.
One Connecticut court is also of the view that the term modify does not mean vacate. Hartford Postal Employees Credit Union,Inc. v. Rosewood, 33 Conn. App. 395, 400 (1994), presented the issue of whether the court's power to modify a wage execution under General Statutes § 52-361(h) includes the power to vacate the execution. The court compared the dictionary definitions of modify and vacate, and then held that modification does not extend to vacating postjudgment remedies like wage executions. In Rosewood, the court found that "[m]odification has been defined as `[a] change; an alteration or amendment which introduces new elements into the details or cancels some of them, but leaves the general purpose and effect of the subject-matter intact." Id. (quoting Black's Law Dictionary (6th ed. 1990)). Vacate, in contrast, means "`annul; to set aside; to cancel or rescind.'" Id. The court stated that "[t]he statutory scheme of postjudgment remedies envisions modification based on the judgment debtor's financial circumstances" but not cancellation of such remedies. Id.
This holding should also apply in the case at hand since an order for nominal installment payments is a postjudgment remedy. Furthermore, even though the case at hand involves an interpretation of Conn. Gen. Stat. § 52-356d, the reasoning in Rosewood should apply because wage executions arise from failures to comply with § 52-365d orders with installment payments.
Other arguments presented by the defendant to the effect that "proper notice of the judgment has not been given to the defendants" and that "the judgment is unclear" are attacks on this judgment itself. This court in this matter properly should address only the issue as to the propriety of the claim to be entitled to have the order of nominal payments vacated. The Motion to Modify is denied.
Dorsey, Judge. CT Page 7976