**UNITED STATES of America**

v.

**Daniel K. KAYE.**

**No. 3:93CR00072 (PCD).**

United States District Court, D. Connecticut.

March 1, 2000.

---

Nora R. Dannehy, U.S. Attorney's Office, Hartford, CT, for Plaintiff.

John R. Gulash, Jr., Gulash & Riccio, Bridgeport, CT, Michael O. Shechan, Sheehan & Reeve, New Haven, CT, for Defendant.

## MEMORANDUM RE WAGE GARNISHMENT

DORSEY, District Judge.

Defendant's conviction resulted in a sentence and order of restitution of $705,710 which constitutes a judgment against defendant in that amount. 18 U.S.C. § 3664(o). Restitution has been paid in the amount of $4,320, leaving $701,390 unpaid. Defendant has served his sentence of incarceration and supervised release.

The government requested a wage garnishment, in the face of defendant's clear intention to make no further payments since his supervision has expired and he is no longer subject to the orders of a probation officer. Defendant requested a hearing on the issuance of a garnishment, citing the needs of his family and the excessive amount withheld from his pay. Because garnishment has not been served on defendant's employer, the request is premature. The parties were heard on February 10, 2000, to expedite the matter. Defendant's affidavit of that date was reviewed as to his household income and asserted expenses.

Defendant's Memoranda do not contest the entitlement of the Government to a Wage Garnishment. He argues that the court can and should order garnishment of less than 25% of defendant's net weekly wages because only 75% thereof precludes his meeting his family's needs.

On compliance with the procedures set forth in 28 U.S.C. § 3205, "the court shall issue a writ of garnishment." § 3205(c)(1). As no challenge to the procedures followed is briefed, the question is whether garnishment may be specified in an amount less than 25% of defendant's disposable net earnings. The writ reaches "property in which the debtor has a substantial nonexempt interest", including "nonexempt disposable earnings," §§ 3205(a) and (c)(2)(F), which is defined as "25% of disposable earnings." § 3002(9). "Disposable earnings" is defined as "that part of earnings remaining after all deductions required by law have been withheld." § 3002(5). Fifteen U.S.C. § 1673 sets a maximum reach for a garnishment at 25% of disposable earnings or the excess of his

disposable earnings over thirty times the minimum hourly wage, 29 U.S.C. § 206(a)(1), whichever is less. The latter is not claimed to pertain.

The issue thus presented is whether, pursuant to the statutory mandate, the garnishment must be 25% of defendant's disposable earnings or may it be specified in a lesser amount on the basis of defendant's need to support his dependents reasonably. The government contends that no discretion is allowed and garnishment of 25% is required. Defendant contends that discretion to garnish less than 25% is allowed and that a valid basis for doing so exists in the expenses reasonably required for that support.

The government argues that 25% is mandated by the authority to garnish property including nonexempt disposable earnings, § 3205(a), defined as "25 per cent of disposable earnings." § 3002(9). Read together, and apart from other considerations, the cited sections sustain the government's claim. Defendant neither argues to the contrary nor contests the limiting language of § 3202(d), which makes no allowance for consideration of debtors' dependent support obligations in reduction of the 25%. He argues that the analysis requires consideration of §§ 3013 and 3102(g) and state laws on attachment.

In § 3013, the court is authorized to deny, limit, condition, regulate, extend or modify "the use of any enforcement procedure under this chapter [i.e., Chapter 176 of Title 28, in part pertinent to garnishments to collect judgments]." Defendant cites no authority, nor is any found, for the proposition that § 3013 allows modification of the 25%. He relies on the plain import of the section's language. The government notes that the purpose of § 3013 is to permit modification to prevent abuse which affords no protection where defendant "does not [ ] claim any property exemptions with respect to his 'non-exempt' disposable earnings." Gov't's Mem. at 3. The government would limit the relief available to prevent garnishment of exempt property, disruption of a defendant's financial affairs, or overkill in the remedies utilized. It does not follow that the language of § 3013 should be so limited. While no criteria for an order is found in § 3013, it is not inappropriate to apply a concept of reasonableness to the exercise of § 3013 authority.

Next the government stresses the need for uniformity in debt collection, denying the court "wide latitude" to modify collection procedures otherwise available. The Congressional Record refers to "affording fundamental protections to the rights of all individuals." 136 Cong. Rec. H13288–02, 13290. Nothing in § 3013 suggests that differing circumstances of different debtors is to be ignored. Thus § 3013 authorizes tempering of the procedures in Chapter 176 by such reasonable circumstances as are shown in particular cases.

The government turns to § 3202(d), which authorizes the court to entertain a motion to quash a remedy granted, including a garnishment. To quash is "to discharge, to annul, to end, to void, to extinguish". Webster's Third New Int'l Dictionary 1861 (1981). That concept would extend a court's authority beyond the authority of § 3013 to modify. That concept would not, either expressly or by implication, preclude a modification. Thus the section would not seem applicable to a request for modification of a remedy. The limits of the grounds on which to quash specified in § 3202(d), which pertain to matters fundamentally requisite to a grant of a remedy, would not apply. As the government argues, Congress could have specified financial circumstances as a ground for modification of a remedy but such an addition would be incorporated more logically in § 3013. The lack of such language in 3202(d) does not control since that section pertains not to modifying a remedy but to vitiating it. The lack of such language does not support an argument that Congress did not intend to permit consideration of financial circumstances in weighing the precise collection

remedy to be allowed. *United States v. Mahar*, 42 F.3d 1389, 1994 WL 657089 (6th Cir.1994), if accurately characterized by the government and if properly considered (the cite is to an affirmance without a published opinion), would not control as defendant seeks to modify not quash, and thus is not subject to § 3202(d).

The government argues that defendant's reliance on § 3102(g) is mistaken in that it pertains not to a debt collection procedure but a pre-trial attachment. That section is found in Chapter 176, Subchapter B which is entitled "Prejudgment Remedies". The section refers to an excessive attachment and provides for reduction or dissolution. By its terms, its placement in the U.S.C., and the nature and effect of an attachment, a § 3102(g) modification cannot pertain to a debt collection remedy. Further, § 3102(a) precludes attachment of earnings making § 3102(g) inapplicable.

Defendant's reliance on § 3014 is also misplaced, as § 3014 allows a debtor to claim an exemption created by state law. Conn.Gen.Stat. § 52–361a(f), cited by defendant, creates no exemption. Garnishment is allowed but subject to a 25% restriction. It further allows a modification if reasonable, a holding found to include consideration of the debtor's financial circumstances. *Hartford Postal Employees Credit Union v. Rosemond*, 33 Conn.App. 395, 400, 635 A.2d 876 (1994).

▮ Thus modification of the garnishment is found to be within the discretion of the court by virtue of § 3013. Defendant states his net monthly income (taken to equate to disposable income, though not so confirmed) to be $2,912.[1] His wife's net income is stated to be $1,495. While Mrs. Kaye's income is not considered as available to satisfy defendant's restitution obligation, it is properly considered as available to meet family and household expenses which defendant claims as an offset to his income. Mrs. Kaye is part of the family. Defendant may not reduce the garnishment by claiming his income for the family and household expenses, ignoring the reality of Mrs. Kaye's income. Her income is part of the family's financial circumstances and is properly considered in calculating family needs in relation to the obligation to make amends for the wrongful appropriation of the victim's funds.

Defendant will not make full restitution. The loss to the victim, $701,390 of which is yet unreimbursed, is unlikely to be repaid even by a 25% garnishment. The victim is without resources with which to support herself and is dependent on an elderly sister to sustain herself. Though related to defendant and destitute as a result of his conduct, he manifests no obligation to accommodate her financial needs. His payments ended when his supervision ended.

Defendant's dependents, who may have benefitted, indirectly, from his pilferage, do not share his culpability nor responsibility to make restitution. They are entitled to reasonable support.

The claimed monthly net of $2,912 is not credited. The two pay stubs submitted reflect biweekly net of $1847.25 after deductions of $77.65 not allowed in calculating disposable earnings ($47.25 noted as personal use sounds like a car use which could duplicate car and gas payments). Correcting for such and adding $1500, net for 10 holidays per year, his monthly disposable earnings are recalculated to $4,293 ($1847 and $77=$1,924; times 26=$50,-024; plus $1500=$51,524; divided by

---

1. At the hearing the government presented no evidence as to defendant's income nor his expenses although AUSA Sciarrino did comment on the amounts placed in evidence. Not unreasonably under the circumstances, the government was not alerted to the necessity of confronting an affidavit filed on the date of the hearing. The court reserves to the government the right to move to adjust the amount of the garnishment after a reasonable time to develop evidence on the point, including an examination of defendant as a judgment debtor.

12=$4,293). Garnishment of 25% of $4,293 leaves defendant with $3,219.

Defendant lists a mortgage payment of $1,300 plus a condo fee of $205, suggestive of a very comfortable home. It is impractical to suggest he move to less costly digs, yet he is not entitled to more than a reasonable level of comfort when the cost in excess of what is reasonable would negate payment to his victim. Further, a mortgage payment creates equity, though the amount is not likely to be large early in the repayment schedule. A mortgage of $150,000 commands $1,000 per month for interest at 8% ($12,000 divided by 12). The claim of $1,500 per month for a home exceeds reason and is reduced to $1,200. Other expenses are deemed reasonable as follows:

| | |
|---|---|
| Property Tax | 205 |
| Utilities (Gas,Elec) | 175 |
| Telephone | 50 |
| Cable television | 30 |
| Cell Phone (one only) | 34 |
| Insurance– Home | 60 |
| Life | 44 |
| Auto | 119 |
| Auto Loans (on cars of the vintage noted, they can not be likely to continue forever) | 400 |
| IRS | 130 |
| State Tax | 75 |
| Credit Card– H | 175 |
| W | $3500 |
| Charities | 0 |
| Gas-both cars | 140 |
| Groceries | 400 |
| Church | 40 |
| Prescriptions | 45 |
| Total | $3813 |

Allowing defendant $200 per month for contingencies then Mrs. Kaye's net (of $1,495 which was not documented) would absorb $794 of the budget above deemed reasonable ($3,813 plus $200 minus $3,219 (75% of $4,293)). That leaves her with $700 per month.

■ On the forgoing analysis, it is apparent that defendant's true net, or disposable income, reduced by a 25% garnishment, leaves him with adequate funds to meet a reasonable level of family and household expenses when Mrs. Kaye contributes 53% of her net income to those expenses. Accordingly no reduction of the garnishment is warranted by the facts as they bear on defendant's family's financial needs.

Accordingly, defendant's opposition to the government request is overruled and the government request for a wage garnishment in the amount of 25% of defendant's disposable income [Document No. 24], as above calculated, is granted.

SO ORDERED.