[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION FOR ORDER OF PAYMENTS
The present case was brought pursuant to General Statute § 52-356d. The plaintiff, Gertrude T. Bergen moves the court for an installment payment order on a judgment rendered against the defendant, Michael Belfonti.
On May 23, 2000, an evidentiary hearing was conducted on the motion. At this proceeding the parties introduced into evidence the testimony of several witnesses and numerous exhibits. Following the hearing, the parties submitted detailed proposed findings of fact and conclusions of law. The plaintiff argues that the defendant's financial circumstances CT Page 9460 warrant an installment payment order of $4,000. In contrast, the defendant maintains that his financial circumstances support only a weekly installment payment order of $100. The court has carefully considered the evidence and the positions of the parties.
 FACTS
From the credible evidence presented at trial, the court finds the following relevant facts have been proven. Judgment in this case was entered on March 25, 1992 in the amount of $628,221.97, plus costs in the amount of $661.55, for total of $634,376.97. The current debt with interest is in excess of $1 million. The defendant has paid no monies on this debt.
The defendant is employed in the field of real estate investing, developing and managing. The defendant's parents, Richard and Constance Belfonti, are principals in numerous business entities which own or manage commercial properties. The defendant is a corporate officer and/or employee of numerous business entities owned by his family. Specifically, the defendant is the President of MCR Management Inc. (MCR). MCR is a real estate management company that collects rents and makes disbursements for properties owned by the defendant's parents, Richard and Constance Belfonti. The properties include commercial and other business enterprises valued in excess of $50 million. MCR has numerous employees.
The defendant is a middle aged individual who appears to enjoy good health. He received an undergraduate degree from Boston University and has taken classes at the Harvard University. He was recently married and has no children. The defendant's spouse is currently employed as a dental hygienist. He drives a 1999 BMW automobile, owned by MCR, provided for his use, with the original purchase price of approximately $50,000. MCR also pays for expenses on the vehicle. He is a member of several social clubs including the Woodbridge Country Club and the New Haven Lawn Club. The defendant's personal property includes jewelry valued at approximately $15,000.
The defendant and his wife reside in a condominium owned by his mother. The defendant testified that the monthly rent is $1,000. In addition to normal living expenses, such as utilities, the defendant is subject to a court order of weekly payments to CASA Investments, Co. The court has considered this expense in reaching a decision in this matter. The defendant currently has other numerous judgments against him totaling millions of dollars. He is not currently making payments on these debts.
The defendant's financial history as disclosed on his federal income CT Page 9461 tax returns indicates that in 1996 the defendant's gross income was approximately $161,000 (Plaintiff's Exhibit A.) In 1997, the defendant's income was approximately $320,000 (Plaintiff's Exhibit B.) In 1998, the defendant's income was approximately $299,000 (Plaintiff's Exhibit D). In 1999, the defendant did not file a federal income tax return. However, introduced as evidence at trial were an IRS W-2 form in the amount of $52,000, reduced to $46,000 by a $6,000 401K contribution and $59,000 as disclosed on an IRS 1099 form for a total of approximately $111,000 in gross income. (Plaintiff's Exhibit DD.) In the year 2000, the defendant claims that his salary is approximately $1,000 per week for a projected year end total of $52,000.
A substantial portion of the income earned by the defendant between 1996-98 was attributable to bonuses he received from MCR. These bonuses were based upon two factors. First, the refinancing of several individual properties and second, the financial successes of the properties being managed by MCR. The decision to pay a bonus and the determination of the amount is made by Richard and Constance Belfonti in consultation with the defendant. The defendant is an active participant in the decision making process and has the ability to influence the outcome. The commercial properties being managed by MCR are as a whole performing well financially.
The defendant established a New York bank account in an effort to avoid the reach of creditors. His MCR paycheck is deposited into this account. MCR, has on previous occasions paid for the defendant's utilities, rent and personal living expenses including his court ordered weekly payments to CASA Investment Co. See Plaintiff's Exhibit AA and BB. This arrangement was approved by the owners of MCR, the defendant's parents.
 DISCUSSION
When a judgment is rendered against a natural person, either the judgment creditor or the judgment debtor may move for an order of installment payments. See General Statutes § 52-356d(a)[1] After a hearing and in consideration of the judgment debtor's financial circumstances, the court may order installment payments reasonably calculated to satisfy the judgment. See Id.
Under the plain language of the statute the two criteria that are to be evaluated are the "judgment debtor's financial circumstances" and "installment payments reasonably calculated facilitate payment of the judgment." General Statutes § 52-356d. Although as the parties have indicated to the court that there are few appellate cases that pertain to this statute, this court finds guidance in the ruling of Hartford PostalEmployees Credit Union, Inc. v. Rosemond, 33 Conn. App. 395, 398-399, CT Page 9462635 A.2d 876 (1994). "The statutory scheme of post judgment remedies . . . balances the equities between judgment creditors and judgment debtors. . . . This equitable balance ensures satisfaction of the judgment while permitting the debtor to use residual earnings for the support of himself and his family or for any other proper purpose." (Internal quotation marks omitted.) Id.
As previously indicated, the defendant's position is that under General Statutes § 52-356d, the court is limited to utilizing a salary of $52,000 in considering his "financial circumstances." (Defendant's Brief p. 6.) However, the court finds that this is not appropriate in view of the credible evidence presented. Based on the proven facts, it is reasonable to conclude that the defendant's "financial circumstances" will substantially exceed a annual salary of $52,000 in the year 2000. The evidence demonstrates that the defendant is employed as President of MCR Management Inc. MCR is a company that manages other Belfonti family businesses valued in excess of $50 million. The businesses managed by MCR are doing well financially. The defendant received a large portion of his income through bonuses from MCR. The defendant, together with his parents, is an active participant in the process of determining the date and amount of bonuses. The credible evidence demonstrates a prior practice of MCR paying the defendant's personal living expenses and debts. These payments have even included months of installment payments to CASA Investment Co. From the defendant's own actions and testimony, it is readily apparent that he has attempted to minimize his ability to pay this judgment creditor.
Regarding the second criteria that the installment payments may be reasonably calculated to facilitate payment of the judgment, the defendant owes in excess of $1 million to the judgment creditor, which is accruing interest. It is impossible to address this debt through a nominal order of payments. After careful consideration of the statutory criteria and the proven facts, the court orders the defendant to make an installment payment of $500 per week. This amount represents an equitable balance of the interests of both the debtor and the creditor.
So Ordered.
BY THE COURT,
PETER EMMETT WIESE, JUDGE