## GERTRUDE T. BERGEN *v.* MICHAEL BELFONTI

Superior Court                                    File No. CV91-0100673S

Judicial District of Waterbury

Memorandum filed August 3, 2000*

*Grady & Riley, LLP*, for the plaintiff.

*Harlow, Adams & Friedman, P.C.*, for the defendant.

---

* Affirmed. *Bergen* v. *Belfonti*, 67 Conn. App. 533, 787 A.2d 615 (2002).

WIESE, J. The present case was brought pursuant to General Statutes § 52-356d. The plaintiff, Gertrude T. Bergen,[1] has filed a motion seeking an order of installment payments on a judgment rendered against the defendant, Michael Belfonti.

On May 23, 2000, an evidentiary hearing was conducted on the motion. At that proceeding, the parties introduced into evidence numerous exhibits and the testimony of several witnesses. Following the hearing, the parties submitted detailed proposed findings of fact and conclusions of law. The plaintiff argues that the defendant's financial circumstances warrant an installment payment order of $4000. In contrast, the defendant maintains that his financial circumstances support a weekly installment payment order of only $100. The court has carefully considered the evidence and the positions of the parties.

## FACTS

From the credible evidence presented at trial, the court finds that the following relevant facts have been proven. Judgment in this case was entered on March 25, 1992, in the amount of $628,221.97, plus costs in the amount of $661.55, for a total of $634,376.97. The current debt with interest is in excess of $1 million. The defendant has paid no moneys on that debt.

The defendant is employed in the field of real estate investing, developing and managing. The defendant's parents, Richard Belfonti and Constance Belfonti, are principals in numerous business entities that own or manage commercial properties. The defendant is a corporate officer and an employee of numerous business entities owned by his family. Specifically, the defendant is the president of MCR Management, Inc. (MCR). MCR

---

[1] During the pendency of this action, the plaintiff, Gertrude T. Bergen, died, and Claudia Bergen and Paula Bergen, coexecutrices of the plaintiff's estate, were substituted as plaintiffs.

is a real estate management company that collects rents and makes disbursements for properties owned by the defendant's parents. The properties include commercial and other business enterprises valued in excess of $50 million. MCR has numerous employees.

The defendant is a middle-aged individual who appears to enjoy good health. He received an undergraduate degree from Boston University and has taken classes at Harvard University. He recently was married and has no children. The defendant's spouse is currently employed as a dental hygienist. The defendant drives a 1999 BMW automobile, which is owned by MCR and is provided for his use, with an original purchase price of approximately $50,000. MCR also pays for expenses on the vehicle. He is a member of several social clubs, including the Woodbridge Country Club and the New Haven Lawn Club. The defendant's personal property includes jewelry valued at approximately $15,000.

The defendant and his wife reside in a condominium that is owned by his mother. The defendant testified that the monthly rent is $1000. In addition to normal living expenses, such as utilities, the defendant is subject to a court order of weekly payments to CASA Investments Company. The court has considered that expense in reaching a decision in this matter. The defendant currently has other numerous judgments against him totaling millions of dollars. He is not currently making payments on those debts.

The defendant's financial history as disclosed on his federal income tax returns indicates that in 1996 his gross income was approximately $161,000. In 1997, the defendant's income was approximately $320,000. In 1998, the defendant's income was approximately $299,000. In 1999, the defendant did not file a federal income tax return. Introduced as evidence at trial, however, were an Internal Revenue Service (IRS) W-2 form

in the amount of $52,000, reduced to $46,000 by a $6000 401 (k) contribution and $59,000 as disclosed on an IRS 1099 form for a total of approximately $111,000 in gross income. For the year 2000, the defendant claims that his salary is approximately $1000 per week for a projected year-end total of $52,000.

A substantial portion of the income earned by the defendant between 1996 and 1998 was attributable to bonuses he received from MCR. Those bonuses were based on two factors. First, the refinancing of several individual properties and second, the financial successes of the properties being managed by MCR. The decision to pay a bonus and the determination of the amount is made by the defendant's parents in consultation with the defendant. The defendant is an active participant in the decision-making process and has the ability to influence the outcome. The commercial properties being managed by MCR are, as a whole, performing well financially.

The defendant established a New York bank account in an effort to avoid the reach of creditors. His MCR paycheck is deposited into that account. MCR has on previous occasions paid for the defendant's utilities, rent and personal living expenses, including his court-ordered weekly payments to CASA Investments Company. That arrangement was approved by the owners of MCR, the defendant's parents.

## DISCUSSION

When a judgment is rendered against a natural person, either the judgment creditor or the judgment debtor may file a motion for an order of installment payments. See General Statutes § 52-356d (a).[2] After a

---

[2] General Statutes § 52-356d (a) provides: "When a judgment is rendered against a natural person, the judgment creditor or judgment debtor may move the court for an order for installment payments in accordance with a money judgment. After hearing and consideration of the judgment debtor's financial circumstances, the court may order installment payments reasonably calculated to facilitate payment of the judgment."

hearing and in consideration of the judgment debtor's financial circumstances, the court may order installment payments reasonably calculated to satisfy the judgment. See id.

Under the plain language of the statute, the two criteria that are to be evaluated are the "judgment debtor's financial circumstances" and "installment payments reasonably calculated to facilitate payment of the judgment." General Statutes § 52-356d (a). Although, as the parties have indicated to the court, there are few appellate cases that pertain to that statute, this court finds guidance in the ruling of *Hartford Postal Employees Credit Union, Inc.* v. *Rosemond*, 33 Conn. App. 395, 398–99, 635 A.2d 876 (1994). "The statutory scheme of postjudgment remedies . . . balances the equities between judgment creditors and judgment debtors. . . . This equitable balance ensures satisfaction of the judgment while permitting the debtor to use residual earnings for the support of himself and his family or for any other proper purpose." (Citations omitted; internal quotation marks omitted.) Id.

The defendant's position is that under § 52-356d, the court is limited to utilizing a salary of $52,000 in considering his "financial circumstances." The court finds, however, that this is not appropriate in view of the credible evidence presented. It is reasonable to conclude, on the basis of the proven facts, that the defendant's "financial circumstances" will substantially exceed an annual salary of $52,000 in the year 2000. The evidence demonstrates that the defendant is employed as president of MCR. MCR is a company that manages other Belfonti family businesses valued in excess of $50 million. The businesses managed by MCR are doing well financially. The defendant received a large portion of his income through bonuses from MCR. The defendant, together with his parents, is an active participant in the process of determining the

date and amount of bonuses. The credible evidence demonstrates a prior practice of MCR's paying the defendant's personal living expenses and debts. Those payments have even included months of installment payments to CASA Investments Company. From the defendant's own actions and testimony, it is readily apparent that he has attempted to minimize his ability to pay the judgment creditor.

Regarding the second criteria, i.e., that the installment payments may be reasonably calculated to facilitate payment of the judgment, the defendant owes in excess of $1 million to the judgment creditor, which is accruing interest. It is impossible to address that debt through a nominal order of payments. After careful consideration of the statutory criteria and the proven facts, the court orders the defendant to make an installment payment of $500 per week. That amount represents an equitable balance of the interests of both the debtor and the creditor.