## GERTRUDE T. BERGEN *v.* MICHAEL BELFONTI
### (AC 21299)

Schaller, Mihalakos and Shea, Js.

Argued November 28, 2001—officially released January 1, 2002

*Eric R. Gaynor*, for the appellant (defendant).

*Robert C. Lubus, Jr.*, with whom, on the brief, was *Dana B. Lee*, for the appellees (substitute plaintiffs).[1]

---

[1] During the pendency of this action, the plaintiff, Gertrude T. Bergen, died, and Claudia Bergen and Paula Bergen, coexecutrices of the plaintiff's estate, were substituted as plaintiffs.

PER CURIAM. This is an appeal brought by the defendant, Michael Belfonti, from the judgment of the trial court ordering payments of $500 per week on a judgment against him in the amount of $634,376.97.

The defendant raises four issues on appeal.[2] The substance of these claims is that the evidence adduced at the hearing did not support the court's imposition of an order of $500 weekly payments.

Our examination of the record and briefs and our consideration of the arguments of the parties persuade us that the judgment of the court should be affirmed. The issues regarding the underlying factual dispute were resolved properly in the trial court's thoughtful and comprehensive memorandum of decision. See *Bergen* v. *Belfonti*, 47 Conn. Sup. 291, 791 A.2d 723 (2000). Because that memorandum of decision fully addresses the arguments raised in this appeal, we adopt it as a proper statement of the facts and the applicable law on those issues. It would serve no useful purpose for us to repeat the discussion contained therein. See *In re Karrlo K.*, 40 Conn. App. 73, 75, 668 A.2d 1353 (1996).

The judgment is affirmed.

---

[2] The defendant's statement of the issues presented on appeal is:

"1. Did the Trial Court err in granting Plaintiff's Amended Motion for Weekly Order of Payments per [General Statutes] § 52-356d without properly and completely considering Judgment-Debtor's financial circumstances as required by said statute?

"2. Did the Trial Court err in granting Plaintiff's Amended Motion for Weekly Order of Payments per [General Statutes] § 52-356d in the amount of $500.00 per week when the evidence presented at the May 23, 2000 hearing did not support that finding?

"3. Did the Trial Court err in finding, as found in its Ruling on Plaintiff's Motion for Order of Payments dated August 2, 2000, that 'it is reasonable to conclude that the defendant's 'financial circumstances' will substantially exceed [an] annual salary of $52,000.00 in the year 2000' when no such direct evidence of same was presented to the Trial Court?

"4. Did the Trial Court err in denying Defendant's Motion to Reargue?"