**UNITED STATES of America,**
**Plaintiff,**

v.

**Kenneth Clifford CROWTHER,**
**Defendant.**

**Atlas Copco Drilling Sollutions,**
**Inc., Garnishee.**

**Civil Action No. 3:06–CV–0366–N.**

United States District Court,
N.D. Texas,
Dallas Division.

Feb. 14, 2007.

Mattie Peterson Compton, U.S. Attorney's Office, Fort Worth, TX, for Plaintiff.

Kevin Stuart Wiley, Jr., Gant & Hicks, Dallas, TX, for Defendant.

## ORDER

GODBEY, District Judge.

Before the Court is Defendant Crowther's objection and request for exemption in connection with the Plaintiff United States of America's (the "Government") motion for entry of final order of garnishment [22]. The Government commenced this garnishment action pursuant to 18 U.S.C. § 3613 and 28 U.S.C. § 3205 of the Federal Dept Collection Procedures Act of 1990 ("FDCPA"), against the nonexempt property of Kenneth Clifford Crowther, Defendant Judgment Debtor.

The Government filed an application for writ of garnishment on February 27, 2006, and a writ issued on March 7, 2006.[1] Pursuant to the writ of garnishment, Garnishee, Atlas Copco Drilling Solutions, Inc. ("Atlas"), filed an Answer April, 17, 2006, stating that at the time of service of the writ, it had in its possession or under its control, personal property belonging to Crowther, in the form of earnings.

Crowther was also served with a copy of the writ of garnishment and notified of his right to a hearing. On April 28, 2006, Crowther requested a hearing to challenge the proceedings. Crowther also filed an exemption form, but failed to specify which exemption he claimed. Instead, at the hearing Crowther asked the Court to reduce or deny the 25% of disposable earnings requested by the Government, claiming he could not afford the amount consistent with his other financial obligations.[2] The Government filed a posthearing brief in which it argued that Crowther's request was improper.

The Government contends that a debtor's "argument that he would be unable to afford the amount of the garnishment is not a permissible defense to raise under 28 U.S.C. § 3202(d)." *United States v. Mahar*, 42 F.3d 1389, 1994 WL 657089 (6th

---

1. The writ of garnishment is sought in connection with a judgment for the Government against Crowther in the amount of $103,611.10 (Criminal Case No. 3:00–CR–304–2). The debt balance as of February 16, 2006, is $102,636.10.

2. The 25% figure comes from 28 U.S.C. § 3002(9) (" 'Nonexempt disposable earnings' means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act."), and 15 U.S.C. § 1673.

Cir.1994) (unpublished opinion). Under section 3202 the Government may enforce a judgment "by any of the remedies set forth in" Subchapter C of Title 28 of the United States Code, provided that upon the commencement of such action or proceeding, the Government, among other things, gives notice to the debtor. *See* 28 U.S.C. § 3202(a)-(b). A debtor may request a hearing within 20 days after receiving notice of the Government's enforcement of a judgment, and a court must hold the hearing "within 5 days after receiving the request or as soon thereafter as possible." *Id.* § 3202(d). At the hearing, the debtor "may move to quash the order granting" the Government remedy. *Id.* However, the subject matter of the hearing is limited. Under section 3202(d), a debtor may only raise issues specifically enumerated in subsections (d)(1)–3(B), which do not include the argument that a debtor is unable to pay. Accordingly, the Government is correct in that Crowther cannot petition the Court pursuant to section 3202(d) to reduce or deny the 25% of disposable earnings requested by the Government simply because he cannot afford the amount. However, section 3202(d) is not the sole avenue for a debtor to contest the Government's writ of garnishment.

Section 3205, which allows the Government to obtain a writ of garnishment, also provides the debtor another option to object to the writ. Under section 3205(c)(5), the judgment debtor may file a written objection to the writ and request a hearing, provided the debtor objects within 20 days after receipt of the answer. To properly place the objection before the court, the objecting party must "state the grounds for the objection" in writing and serve a copy of the objection, along with a request for a hearing, on all parties. *See id.* § 3205(c)(5). A court must then hold a hearing within 10 days after the date of the request, or as soon thereafter as practicable. Unlike section 3202(d), which permits a debtor to contest an order granting any remedy provided under Subchapter C, section 3205(c)(5) applies only to objections to the writ of garnishment. Furthermore—and, again, unlike section 3202(d)— the scope of objections under section 3205(c)(5) is not limited; a debtor may raise any objection, provided it pertains to the writ of garnishment.

■ This reading of section 3205(c) is consistent with the language of section 3205(a) granting a court the power to issue a writ of garnishment: "A court *may* issue a writ of garnishment...." *Id.* § 3205(a) (emphasis added). The statutory use of the term "may" rather than "shall" usually indicates Congress intended to vest the court with discretion to enter the writ. *See, e.g., United States v. Rodgers,* 461 U.S. 677, 706, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) ("The word 'may,' when used in a statute, usually implies some degree of discretion.") (also noting exceptions when legislative history or structure or purpose of statute indicate the contrary); *United States v. Damer,* 910 F.2d 1239, 1240–41 (5th Cir.1990). Here nothing in the structure and purpose of section 3205 indicates "may" does not give the court discretion. Indeed, it would be odd to permit the judgment debtor to file objections and deny the court the discretion to rule on them. The Court thus holds that under section 3205(c)(5), the Court has the discretion to consider an objection that a garnishment of 25% of disposable earnings is inequitable under the judgment debtor's individual circumstances. *Accord United States v. George,* 144 F.Supp.2d 161, 164 (E.D.N.Y.2001) (dicta); *United States v. Kaye,* 93 F.Supp.2d 196 (D.Conn.2000) (finding discretion in 28 U.S.C. § 3013).

■ This does not end the inquiry. Section 3205(c)(5) also imposes procedural requirements. The objecting party must (1) within 20 days after receipt of the

answer (2) file a written objection to the answer and request a hearing, (3) which objection must state the grounds, and (4) serve the objection and request for hearing on the garnishee and all parties. Instead, Crowther filed a blank exemption form and a separate request for a hearing. Crowther did not disclose the substance of his objection until the hearing. While the Court has the ability to construe Crowther's paperwork based on its substance, rather than on its caption, Crowther still failed to state the grounds for his objection in the paperwork he submitted. This is fatal under section 3205(c). Therefore, while Crowther's objection was proper in substance, it was defective in procedure. Accordingly, the Court must overrule Crowther's objection.[3]

---

**3.** There would appear to be nothing that would prevent Crowther from now moving to modify the writ of garnishment under 28 U.S.C. § 3013. *See Kaye, supra.*