19-119
*Mirlis v. Greer, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty.

Present:
>  BARRINGTON D. PARKER,
>  DEBRA ANN LIVINGSTON,
>  JOSEPH F. BIANCO,
> *Circuit Judges*.

———————————————————————

ELIYAHU MIRLIS,

> *Plaintiff-Appellee*,

v.                                                            19-119-cv

DANIEL GREER, RABBI, YESHIVA OF NEW HAVEN, INC.,

> *Defendants-Appellants*.[*]

———————————————————————

For Plaintiff-Appellee:          JOHN L. CESARONI (Matthew K. Beatman, *on the brief*), Zeisler & Zeisler, P.C., Bridgeport, CT

For Defendants-Appellants:      JEFFREY M. SKLARZ, Green & Sklarz LLC, New Haven, CT

———————————————

[*] The Clerk is respectfully requested to amend the caption accordingly.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendants-Appellants Daniel Greer ("Greer") and the Yeshiva of New Haven, Inc. (the "Yeshiva") appeal from a December 12, 2018 order of the United States District Court for the District of Connecticut (Shea, *J.*), granting Plaintiff-Appellee Eliyahu Mirlis's ("Mirlis") motion for an order of weekly payments and denying in part Greer and the Yeshiva's motion for a protective order. The issues on appeal arise from separate aspects of Mirlis's efforts to collect a judgment entered against Greer following a civil jury trial in June 2017. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

### I. The Installment Payment Order

We review installment payment orders for abuse of discretion. *See McDonnell v. Birrell*, 321 F.2d 946, 948 (2d Cir. 1963). Pursuant to Federal Rule of Civil Procedure 69(a), the procedure upon execution of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). Connecticut law in turn provides that a judgment creditor "may move the court for an order for installment payments in accordance with a money judgment," and that "[a]fter hearing and consideration of the judgment debtor's financial circumstances, the court may order installment payments reasonably calculated to facilitate payment of the judgment." Conn. Gen. Stat. § 52-356d(a).

Nothing in the record or in the order on appeal indicates that the district court abused its discretion in ordering the installment payments here. After a hearing in which the district court

2

considered Greer's income from wages and a rental property in Newport, Rhode Island, the district court ordered Greer to pay weekly installments roughly equal to a quarter of his weekly earnings plus the average weekly rental income that he earned over the previous year.[1] *See Bergen v. Belfonti*, 47 Conn. Supp. 291, 296 (Conn. Super. Ct. 2000) (ordering weekly installment payments of $500 on a reported income of $1000 per week, taking into account a likely but unspecified annual bonus), *aff'd*, 67 Conn. App. 533, 534 (2002) ("[W]e adopt [the decision below] as a proper statement of the facts and the applicable law . . . ."), *cert. denied* 259 Conn. 923 (2002).

Greer protests that the Newport property was unoccupied at the time of the district court's order, but nothing in the statute or relevant caselaw prohibits a court from considering prospective or likely future income in assessing a judgment debtor's overall financial condition. *See Bergen*, 47 Conn. Supp. at 295–96 (considering a potential bonus when evaluating a judgment debtor's financial condition). Particularly in light of the substantial size of the judgment due to Mirlis, the court acted well within its discretion to impose an installment payment approximately equal to 25% of Greer's weekly income from wages plus his weekly rental income from the previous year. *See id.* at 296 ("Regarding the [criterion] that the installment payments may be reasonably calculated to facilitate payment of the judgment, the defendant owes in excess of $1 million to the judgment creditor, which is accruing interest. It is impossible to address that debt through a nominal order of payments.").

---

[1] The district court ordered weekly payments of $296. Greer's reported average weekly net income was $4,014.50 in the four months prior to reporting, and $3,666.97 over the course of many prior years. Greer's rental income from the Newport property in 2017 was roughly $2,400, or approximately $46 per week.

3

**II. The Protective Order**

Greer also appeals the district court's partial denial of his motion for a protective order that would prohibit Mirlis from discovering information about the assets, liabilities, and administration of certain corporate entities run by Greer but not currently subject to a writ of execution. But since the district court's denial of Greer's motion for a protective order is not a final decision, it is not subject to appellate review. Post-judgment discovery orders are generally not appealable final decisions under 28 U.S.C. § 1291. *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 205 (2d Cir. 2012). Greer asserts that we have jurisdiction pursuant to either the collateral order doctrine or our discretion to exercise pendent appellate jurisdiction, but neither is applicable here.

Under the collateral order doctrine, we may treat an order as final if it "(1) conclusively determine[s] the disputed question; (2) resolve[s] an important issue completely separate from the merits of the underlying action; and (3) [is] effectively unreviewable from a final judgment." *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010). "Failure to meet any of these three elements is fatal." *Id.* (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376 (1981)). Greer has not met the unreviewability prong in this case. That factor is present only where "denial of immediate review would render impossible any review whatsoever." *Firestone*, 449 U.S. at 376. But like most orders granting discovery, the district court's denial of Greer's motion for a protective order is "effectively reviewable on appeal from a final judgment, or by an appeal from a contempt citation after the target of a subpoena resists the challenged order." *EM Ltd.*, 695 F.3d at 206 (citations omitted). Greer could appeal the district court's decision if, for example, he or his counsel were sanctioned for failure to comply with the order, or if discovery revealed additional assets subject to collection or garnishment and the district court modified its

collection order to require larger payments. Since our denial of immediate review does not deprive Greer of every meaningful opportunity for review, we cannot exercise jurisdiction pursuant to the collateral order doctrine.

It would also be inappropriate for us to exercise pendent appellate jurisdiction as part of our review of the installment payment order. Once we have taken jurisdiction over one issue in a case, "we have the discretion to exercise pendent appellate jurisdiction over other district court rulings that are inextricably intertwined or necessary to ensure meaningful review of the first." *Bolmer v. Oliveira*, 594 F.3d 134, 141 (2d Cir. 2010) (internal quotation marks omitted). "For two rulings to be inextricably intertwined . . . the same specific question [must] underlie both the appealable order and the non-appealable order, such that our resolution of the question will necessarily resolve the appeals from both orders at once." *Myers v. Hertz Corp*., 624 F.3d 537, 553 (2d Cir. 2010) (internal quotation marks and alterations omitted). The "standard is not satisfied when we are confronted with two similar, but independent, issues, and resolution of the non-appealable order would require us to conduct an inquiry that is distinct from . . . the inquiry required to resolve solely the issue over which we properly have appellate jurisdiction. *Id.* at 553–54 (collecting cases). Here, resolving Greer's appeals of the installment-payment and protective orders would require us to review two distinct sets of facts in the record and two distinct areas of law. Resolving neither issue would automatically resolve the other. Likewise, for the reasons discussed above, immediate appellate review is not necessary to ensure meaningful review of the question. We therefore have no basis to review the district court's denial of the requested protective order.

5

We have considered Defendants-Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk